Filed
File Date: 9/2/2021 2:49 PM
Grafton Superior Court
E-Filed Document

## THE STATE OF NEW HAMPSHIRE

GRAFTON, SS                                                             SUPERIOR COURT
                                                                        DOCKET NO. 215-2021-CV-00252

JOHN DOE[1],
Plaintiff,

v.

TOWN OF LISBON,
Defendant.

**COMPLAINT and
JURY DEMAND**

NOW COMES the Plaintiff, JOHN DOE ("Doe"), and respectfully petitions the Court pursuant to Part 1 Article 15 of The New Hampshire Constitution and the Fourteenth Amendment of the United States Constitution, and other applicable law, to order and compel the Defendant the Town of Lisbon to withdraw its EES Notification to the New Hampshire Department of Justice, to remove and/or cause the removal of plaintiff Doe from the so-called Exculpatory Evidence Schedule (also known as the "Laurie List"), and overturn the disciplinary finding which resulted in Doe's placement on the EES, as it was accomplished upon unsubstantiated allegations, without appropriate notice and hearing, and without appropriate due process afforded to Plaintiff Doe. The plaintiff Doe requests a jury trial on all counts so triable.

In support of this petition, Plaintiff Doe states as follows:

**PARTIES**

1. The Plaintiff, John Doe ("Doe"), is a natural person and a New Hampshire resident with a residential address in Grafton County, and a mailing address through counsel at Cooper Cargill Chant, P.A., 2935 White Mountain Highway, North Conway, NH 03860.

---

[1] John Doe is a pseudonym.

2. The Defendant, Town of Lisbon (the "Town"), is a municipal corporation with a principal place of business and mailing address of 46 School St, Lisbon, New Hampshire 03585.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the parties and subject matter jurisdiction pursuant to RSA 491:7 and 498:12.

4. Venue is appropriate in Grafton County as the plaintiff and defendant are located in Grafton County.

## FACTUAL BACKGROUND

5. On or about March 30, 2009, the Plaintiff Doe was hired by the Town of Lisbon as a full-time Police Patrolman.

### Past Issues

6. Officer Doe's issues with the Department began when Officer Doe requested reimbursement for his ballistic vest, which the Department refused in 2011.

7. When Officer Doe's ballistic vest was at the end of its operational life in 2016, Officer Doe again asked for a ballistic vest at Town expense, which again was refused despite purchases for other officers (including the Chief). When Officer Doe complained about the vest issue, he was disciplined.

8. Officer Doe only received a new ballistic vest after retaining counsel, and making demand through counsel.

### Current Issue

9. Generally, RSA 106-L:6, VII and IX requires police officers to pass a fitness test every three (3) years.

10. Standard operating procedure, practice, and custom, allowed police officers in the Town of Lisbon (and elsewhere in New Hampshire) to perform their fitness test with nearby police departments to allow better availability.

11. Accordingly, on October 15, 2020, Officer Doe conducted his fitness test with the Chief of the Bethlehem Police Department.

12. Officer Doe passed his fitness test, and submitted the form signed by the Bethlehem PD Chief to the State of New Hampshire Police Standards and Training Council ("Council").

13. On October 21, 2020, the Council sent officer Doe a letter verifying receipt, compliance with the requirements, and noting that Officer Doe would next need to test in 2023. This letter was carbon copied to Chief Benjamin Bailey of the Lisbon Police Department.

14. In response, Chief Bailey contacted the Council and invalidated Officer Doe's passing test, despite the procedure, practice, and custom allowing an off-site test.

15. On or about December 4, 2020, Plaintiff Doe received both a Verbal Warning and a Written Warning for failure to perform a physical fitness test, despite Plaintiff Doe's prior passing fitness test with the Bethlehem Chief, and the procedure, practice, and custom allowing the same.

16. On the same day, Plaintiff Doe also received a warning about failing to turn off lights. On or about December 9, 2020, Plaintiff Doe received a letter from Chief Bailey stating he was being placed on Paid Administrative Leave pending an "internal investigation."

17. Plaintiff Doe fully cooperated with the internal investigation.

18. On or about December 14, 2020, Plaintiff Doe received a letter from the Council indicating that his approval was withdrawn and he needed to perform another physical fitness test, upon information and belief because of the actions of Chief Bailey.

19. On December 22, 2020, Plaintiff Doe was interviewed.

20. On or about January 5, 2021, Plaintiff Doe received a letter from Chief Bailey indicating that he was recommending disciplinary action to the Board of Selectmen, up to and including termination.

21. The same day, Plaintiff Doe received a notification that his certification as a police officer was being suspended.

22. On January 11, 2021, Plaintiff Doe met with the Selectmen in non-public session.

23. On or about January 14, 2021 the Plaintiff Doe was terminated as a police officer, and received a letter of termination from the Town of Lisbon.

24. On the same day, Chief Bailey sent a letter to the Criminal Justice Bureau of the New Hampshire Department of Justice, titled "**EES NOTIFICATION**", and indicating that a "determination has been made that [Plaintiff Doe] has engaged in conduct that may be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *State v. Laurie*, 139 N.H. 325 (1995)." (the "EES Notification").

25. Subsequent to his termination and the EES Notification, Doe learned that the Town had conducted an Internal Administrative Investigation ("IAI"), issued an IAI Report, and had based its decision to terminate DOE and issue the EES Notification was made on the basis of the IAI.

26. At no time prior to his termination or the issuance of the EES Notification had Doe been informed of the IAI, or provided a copy of the IAI Report which formed the basis for his termination and the EES Notification.

27. Upon information and belief, the NHDOJ maintains a statewide so-called EES or Exculpatory Evidence Schedule, formerly known as the "Laurie List", which consists of a

spreadsheet of police officers regarding whom such EES Notifications have been issued.

28. EES notification, and placement and maintenance of a police officer upon the EES, each have a substantially detrimental effect on the career and livelihood of any such police officer, whether such placement was warranted or not, including without limitation additional difficulties in obtaining a job in law enforcement.

29. Chief Bailey's EES Notification, and placement and maintenance of Plaintiff Doe upon the EES each have, and is likely to have in the future, a substantially detrimental effect on Plaintiff Doe's career and livelihood, including without limitation additional difficulties in obtaining a job in law enforcement.

30. At no time prior to the EES Notification had Plaintiff Doe been notified that any investigation, his interview, or his meeting with the Board of Selectmen, could potentially result in an EES Notification or his inclusion on the EES.

31. Plaintiff Doe was not given or offered any opportunity to appeal such a finding prior to the EES Notification being sent to NHDOJ.

32. Plaintiff Doe was not given the opportunity to assess or question his accusers, which testimony formed the basis of the determination underlying the EES Notification.

33. Plaintiff Doe asserts that the basis for the EES Notification was not based upon fact, and therefore is unfounded and cannot be sustained.

34. Moreover, Plaintiff Doe asserts that if he was given the opportunity to question witnesses and appeal, the basis for the EES Notification would not be sustained.

35. Plaintiff Doe further asserts that even if even if the findings underlying the EES Notification were sustained, the actions alleged are not sufficient for an EES Notification or inclusion on the EES.

36. Plaintiff Doe asserts that the EES Notification was accomplished not based upon fact but because of the personal bias of the Chief against Plaintiff Doe, and in retaliation for complaints that he has made in the past.

37. The Plaintiff Doe's ability to secure future employment in the law enforcement field has been severely hindered by his addition to the EES, will cause undue damage to his reputation, and is in direct violation of his constitutional civil rights, including without limitation his substantive and procedural due process rights.

## **CLAIMS FOR RELIEF**

### COUNT I
### VIOLATION OF PROCEDURAL DUE PROCESS

38. The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

39. The actions of the Town of Lisbon and its Chief of Police and each of them, including without limitation the EES Notification with intent that Plaintiff Doe be placed on the EES a/k/a Laurie List, without notice, without a hearing where Plaintiff Doe knew in advance that EES Notification was a potential outcome, without a decision by a neutral decisionmaker, and without any ability to appeal, were a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

40. Alternatively and/or in addition, the rules, regulations, policies, procedures, customs, and/or usage of the defendant(s) which allowed or directed the EES Notification under these circumstances were and are a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United

States Constitution, and the New Hampshire Constitution.

41. As a direct and proximate result of such violations, the Plaintiff Doe has been caused to and continues to suffer damages.

42. Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42 generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief, including without limitation withdrawal of the EES Notification and removal from the EES.

## COUNT II
## VIOLATION OF SUBSTANTIVE DUE PROCESS

43. The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

44. The actions of the Town of Lisbon and its Chief of Police and each of them, including without limitation the EES Notification with intent that Plaintiff Doe be placed on the EES a/k/a Laurie List, was a violation of the Plaintiff Doe's substantive due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution, namely plaintiff Doe's right to work.

45. Alternatively and/or in addition, the rules, regulations, policies, procedures, customs, and/or usage of the defendant(s) which allowed or directed the EES Notification under these circumstances were and are a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

46. As a direct and proximate result of such violations, the Plaintiff Doe has been caused to and continues to suffer damages.

47. Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42 generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief, including without limitation withdrawal of the EES Notification and removal from the EES.

COUNT III
LIBEL, SLANDER, AND DAMAGE TO REPUTATION

48. The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

49. The basis for the EES Notification and the statements within the EES Notification made by the defendant, are, and were, untrue statements about Plaintiff, purporting to be fact.

50. The EES Notification was a publication of such untrue, libelous, and defamatory statement.

51. Such untrue, libelous, and defamatory statements have caused and are continuing to cause injury and damage to the plaintiff and his reputation.

52. The Town and Chief knew or should have known that the EES Notification and the statements within the EES Notification were untrue, and would cause the plaintiff harm, at the time such statements were made.

53. At all times relevant, the Town employed the Chief, and is vicariously liable for his actions as outlined herein.

54. The plaintiff is entitled to an award of damages against the Town in the amount of his damages suffered as a result of the untrue, libelous, and slanderous statements.

## COUNT III
## ATTORNEY'S FEES

55. The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

56. The violations of the Defendant herein are clear and unmitigated.

57. Accordingly, the Plaintiff was forced to file this lawsuit to establish, protect, and secure his clearly defined and established rights.

58. The Plaintiff is entitled to an award of the attorneys' fees and costs expended to this matter.

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully request a trial by jury on all counts and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order and judgment:

A. Compelling the defendant to withdraw its EES Notification;

B. Declaring and compelling that the Plaintiff Doe be removed from the EES a/k/a Laurie List;

C. Granting a preliminary and permanent injunction compelling the defendant to withdraw its EES Notification and remove Doe from the EES a/k/a Laurie List;

D. Enter an award to the Plaintiff of his damages;

E. Enter an award to the Plaintiff of his reasonable attorneys' fees and other costs; and

F. Grant such further relief as is just and equitable.

Respectfully submitted,

**PLAINTIFF,**
JOHN DOE,
By His Attorneys,

COOPER CARGILL CHANT, P.A.

/s/ Christopher T. Meier

Dated: September 2, 2021

Christopher T. Meier, Bar ID # 17136
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel:    (603) 356-5439
Fax:    (603) 356-7975
Email: cmeier@coopercargillchant.com

[redacted]