THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT
GRAFTON COUNTY

I, David P. Carlson, Clerk of the Superior Court of the State of New Hampshire for

the County of Grafton, the same being a court of record having a seal, and having custody

of the records of the said Superior Court, do hereby certify that the attached are true

copies of the Sealed and Redacted Complaint and Jury Demand, Summons in a Civil

Action, Motion to Seal, Returns of Service, and Notice of Filing of Notice of Removal  in

the action 215-2021-CV-00252 John Doe v Town of Lisbon, of said Superior Court.

In witness whereof I have hereunto set my hand

and affixed the seal of said Superior Court at

this 15th  day of  November   A.D. 2021



Clerk of Superior Court

`

Return of Service.

215-2021-CV-00252

GRAFTON, SS

10/19/2021        03:30pm

     I summoned the within named
TOWN OF LISBON,

by IN HAND service
to AUDREY CHAMPAGNE, TOWN CLERK

at 46 SCHOOL ST, LISBON, NH

in said County, an attested copy of this
SUMMONS IN A CIVIL ACTION-WEBEX PRELIMINARY INJUNCTION HEARING SCHEDULED,
attested as such by David P. Carlson, Clerk of the Superior Court for the
County of Grafton of which the foregoing is a true copy.

_____
Grafton County Sheriff's Dept.
Deputy CODY MACKAY

FEES:

Service:              30.00
Mileage:              14.00
Misc.:
     Postage & Handling    1.00
                      --------

TOTAL                 45.00

True Copy Attest

David P. Carlson, Clerk of Court
November 15, 2021

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT



Grafton Superior Court
3785 Dartmouth College Highway
North Haverhill NH  03774

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION
## WEBEX PRELIMINARY INJUNCTION HEARING SCHEDULED

Case Name:     **John Doe v Town of Lisbon**
Case Numbers:  **215-2021-CV-00252**

Date Complaint Filed: September 02, 2021

A Complaint has been filed against Town of Lisbon in this Court.  A Copy of the Complaint is attached.

This Court has scheduled the following:
    **Hearing on Request for Preliminary Injunction**

**Date: November 18, 2021**

**Time: 2:30 PM**

**Time Allotted:  30 Minutes**

**\*\*\*\*\*<u>THIS HEARING WILL BE CONDUCTED BY VIDEO.</u>  A WEBEX INVITATION CONTAINING A LINK FOR THE VIDEO HEARING WILL BE E-MAILED TO EACH PARTY ONCE THEIR APPEARANCE IS FILED WITH THE COURT\*\*\*\*\***

If more time is needed for this hearing, contact the Court immediately.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| Immediately | John Doe shall have this Summons and the attached Complaint served upon Town of Lisbon in manner allowed by law. |
| November 10, 2021 | John Doe shall electronically file the return(s) of service with this Court.  Failure to do so may result in this action being dismissed without further notice. |
| November 16, 2021 | Town of Lisbon shall electronically file an Appearance with this Court. A copy of the Appearance must be sent electronically to the party/parties listed below. |
| 30 days after service | Town of Lisbon must electronically file an Answer or other responsive pleading with this Court.  A copy of the Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Town of Lisbon:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

Send copies to:

| | |
|---|---|
| Christopher T. Meier, ESQ | Cooper Cargill Chant PA 2935 White Mountain Highway North Conway NH  03860-5210 |
| Town of Lisbon | 46 School Street Lisbon NH  03585 |

BY ORDER OF THE COURT

October 09, 2021

David P. Carlson
Clerk of Court

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Grafton Superior Court
3785 Dartmouth College Highway
North Haverhill NH  03774

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **John Doe v Town of Lisbon**
Case Number:    **215-2021-CV-00252**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Grafton Superior Court.**  Review the Complaint to see the basis for the claim.

Each Defendant is required to electronically file an Appearance with the court by **November 16, 2021**.  In addition, you are required to file an Answer or responsive pleading 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.
1. Complete the registration/log in process.  Click Register and follow the prompts.
2. After you register, click Start Now.  Select **Grafton Superior Court** as the location.
3. Select "I am filing into an existing case".  Enter **215-2021-CV-00252** and click Next.
4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.
5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court
orders electronically to the email address you provide.

A person who is filing or defending against a Civil Action will want to be familiar with the Rules of the Superior Court.  This information is also available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the Complaint, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

**Filed**
**File Date: 9/2/2021 2:49 PM**
**Grafton Superior Court**
**E-Filed Document**

### THE STATE OF NEW HAMPSHIRE

GRAFTON, SS

SUPERIOR COURT
DOCKET NO. 215-2021-CV-00252

**JOHN DOE[1],**
**Plaintiff,**

v.

**TOWN OF LISBON,**
**Defendant.**

### COMPLAINT and
### JURY DEMAND

NOW COMES the Plaintiff, JOHN DOE ("Doe"), and respectfully petitions the Court

pursuant to Part 1 Article 15 of The New Hampshire Constitution and the Fourteenth

Amendment of the United States Constitution, and other applicable law, to order and compel the

Defendant the Town of Lisbon to withdraw its EES Notification to the New Hampshire

Department of Justice, to remove and/or cause the removal of plaintiff Doe from the so-called

Exculpatory Evidence Schedule (also known as the "Laurie List"), and overturn the disciplinary

finding which resulted in Doe's placement on the EES, as it was accomplished upon

unsubstantiated allegations, without appropriate notice and hearing, and without appropriate due

process afforded to Plaintiff Doe. The plaintiff Doe requests a jury trial on all counts so triable.

In support of this petition, Plaintiff Doe states as follows:

### PARTIES

1.  The Plaintiff, John Doe ("Doe"), is a natural person and a New Hampshire resident with a

    residential address in Grafton County, and a mailing address through counsel at Cooper

    Cargill Chant, P.A., 2935 White Mountain Highway, North Conway, NH 03860.

---

[1] John Doe is a pseudonym.

2.    The Defendant, Town of Lisbon (the "Town"), is a municipal corporation with a
      principal place of business and mailing address of 46 School St, Lisbon, New Hampshire
      03585.

## JURISDICTION AND VENUE

3.    This Court has personal jurisdiction over the parties and subject matter jurisdiction
      pursuant to RSA 491:7 and 498:12.

4.    Venue is appropriate in Grafton County as the plaintiff and defendant are located in
      Grafton County.

## FACTUAL BACKGROUND

5.    On or about March 30, 2009, the Plaintiff Doe was hired by the Town of Lisbon as a full-
      time Police Patrolman.

### Past Issues

6.    Officer Doe's issues with the Department began when Officer Doe requested
      reimbursement for his ballistic vest, which the Department refused in 2011.

7.    When Officer Doe's ballistic vest was at the end of its operational life in 2016, Officer
      Doe again asked for a ballistic vest at Town expense, which again was refused despite
      purchases for other officers (including the Chief).  When Officer Doe complained about
      the vest issue, he was disciplined.

8.    Officer Doe only received a new ballistic vest after retaining counsel, and making
      demand through counsel.

### Current Issue

9.    Generally, RSA 106-L:6, VII and IX requires police officers to pass a fitness test every
      three (3) years.

10.     Standard operating procedure, practice, and custom, allowed police officers in the Town

        of Lisbon (and elsewhere in New Hampshire) to perform their fitness test with nearby

        police departments to allow better availability.

11.     Accordingly, on October 15, 2020, Officer Doe conducted his fitness test with the Chief

        of the Bethlehem Police Department.

12.     Officer Doe passed his fitness test, and submitted the form signed by the Bethlehem PD

        Chief to the State of New Hampshire Police Standards and Training Council ("Council").

13.     On October 21, 2020, the Council sent officer Doe a letter verifying receipt, compliance

        with the requirements, and noting that Officer Doe would next need to test in 2023.  This

        letter was carbon copied to Chief Benjamin Bailey of the Lisbon Police Department.

14.     In response, Chief Bailey contacted the Council and invalidated Officer Doe's passing

        test, despite the procedure, practice, and custom allowing an off-site test.

15.     On or about December 4, 2020, Plaintiff Doe received both a Verbal Warning and a

        Written Warning for failure to perform a physical fitness test, despite Plaintiff Doe's

        prior passing fitness test with the Bethlehem Chief, and the procedure, practice, and

        custom allowing the same.

16.     On the same day, Plaintiff Doe also received a warning about failing to turn off lights.

        On or about December 9, 2020, Plaintiff Doe received a letter from Chief Bailey stating

        he was being placed on Paid Administrative Leave pending an "internal investigation."

17.     Plaintiff Doe fully cooperated with the internal investigation.

18.     On or about December 14, 2020, Plaintiff Doe received a letter from the Council

        indicating that his approval was withdrawn and he needed to perform another physical

        fitness test, upon information and belief because of the actions of Chief Bailey.

3

19.     On December 22, 2020, Plaintiff Doe was interviewed.

20.     On or about January 5, 2021, Plaintiff Doe received a letter from Chief Bailey indicating

that he was recommending disciplinary action to the Board of Selectmen, up to and

including termination.

21.     The same day, Plaintiff Doe received a notification that his certification as a police

officer was being suspended.

22.     On January 11, 2021, Plaintiff Doe met with the Selectmen in non-public session.

23.     On or about January 14, 2021 the Plaintiff Doe was terminated as a police officer, and

received a letter of termination from the Town of Lisbon.

24.     On the same day, Chief Bailey sent a letter to the Criminal Justice Bureau of the New

Hampshire Department of Justice, titled **"EES NOTIFICATION"**, and indicating that a

"determination has been made that [Plaintiff Doe] has engaged in conduct that may be

subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *State v.*

*Laurie*, 139 N.H. 325 (1995)." (the "EES Notification").

25.     Subsequent to his termination and the EES Notification, Doe learned that the Town had

conducted an Internal Administrative Investigation ("IAI"), issued an IAI Report, and

had based its decision to terminate DOE and issue the EES Notification was made on the

basis of the IAI.

26.     At no time prior to his termination or the issuance of the EES Notification had Doe been

informed of the IAI, or provided a copy of the IAI Report which formed the basis for his

termination and the EES Notification.

27.     Upon information and belief, the NHDOJ maintains a statewide so-called EES or

Exculpatory Evidence Schedule, formerly known as the "Laurie List", which consists of a

spreadsheet of police officers regarding whom such EES Notifications have been issued.

28. EES notification, and placement and maintenance of a police officer upon the EES, each have a substantially detrimental effect on the career and livelihood of any such police officer, whether such placement was warranted or not, including without limitation additional difficulties in obtaining a job in law enforcement.

29. Chief Bailey's EES Notification, and placement and maintenance of Plaintiff Doe upon the EES each have, and is likely to have in the future, a substantially detrimental effect on Plaintiff Doe's career and livelihood, including without limitation additional difficulties in obtaining a job in law enforcement.

30. At no time prior to the EES Notification had Plaintiff Doe been notified that any investigation, his interview, or his meeting with the Board of Selectmen, could potentially result in an EES Notification or his inclusion on the EES.

31. Plaintiff Doe was not given or offered any opportunity to appeal such a finding prior to the EES Notification being sent to NHDOJ.

32. Plaintiff Doe was not given the opportunity to assess or question his accusers, which testimony formed the basis of the determination underlying the EES Notification.

33. Plaintiff Doe asserts that the basis for the EES Notification was not based upon fact, and therefore is unfounded and cannot be sustained.

34. Moreover, Plaintiff Doe asserts that if he was given the opportunity to question witnesses and appeal, the basis for the EES Notification would not be sustained.

35. Plaintiff Doe further asserts that even if even if the findings underlying the EES Notification were sustained, the actions alleged are not sufficient for an EES Notification or inclusion on the EES.

5

36. Plaintiff Doe asserts that the EES Notification was accomplished not based upon fact but because of the personal bias of the Chief against Plaintiff Doe, and in retaliation for complaints that he has made in the past.

37. The Plaintiff Doe's ability to secure future employment in the law enforcement field has been severely hindered by his addition to the EES, will cause undue damage to his reputation, and is in direct violation of his constitutional civil rights, including without limitation his substantive and procedural due process rights.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF PROCEDURAL DUE PROCESS

38. The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

39. The actions of the Town of Lisbon and its Chief of Police and each of them, including without limitation the EES Notification with intent that Plaintiff Doe be placed on the EES a/k/a Laurie List, without notice, without a hearing where Plaintiff Doe knew in advance that EES Notification was a potential outcome, without a decision by a neutral decisionmaker, and without any ability to appeal, were a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

40. Alternatively and/or in addition, the rules, regulations, policies, procedures, customs, and/or usage of the defendant(s) which allowed or directed the EES Notification under these circumstances were and are a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United

6

States Constitution, and the New Hampshire Constitution.

41.     As a direct and proximate result of such violations, the Plaintiff Doe has been caused to
        and continues to suffer damages.

42.     Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the
        New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42
        generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief,
        including without limitation withdrawal of the EES Notification and removal from the
        EES.

## COUNT II
## VIOLATION OF SUBSTANTIVE DUE PROCESS

43.     The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully
        set forth herein.

44.     The actions of the Town of Lisbon and its Chief of Police and each of them, including
        without limitation the EES Notification with intent that Plaintiff Doe be placed on the
        EES a/k/a Laurie List, was a violation of the Plaintiff Doe's substantive due process
        rights afforded to him by the Fifth and Fourteenth Amendments to the United States
        Constitution, and the New Hampshire Constitution, namely plaintiff Doe's right to work.

45.     Alternatively and/or in addition, the rules, regulations, policies, procedures, customs,
        and/or usage of the defendant(s) which allowed or directed the EES Notification under
        these circumstances were and are a violation of the Plaintiff Doe's procedural due
        process rights afforded to him by the Fifth and Fourteenth Amendments to the United
        States Constitution, and the New Hampshire Constitution.

46.     As a direct and proximate result of such violations, the Plaintiff Doe has been caused to
        and continues to suffer damages.

47.    Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the
       New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42
       generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief,
       including without limitation withdrawal of the EES Notification and removal from the
       EES.

## COUNT III
### LIBEL, SLANDER, AND DAMAGE TO REPUTATION

48.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully
       set forth herein.

49.    The basis for the EES Notification and the statements within the EES Notification made
       by the defendant, are, and were, untrue statements about Plaintiff, purporting to be fact.

50.    The EES Notification was a publication of such untrue, libelous, and defamatory
       statement.

51.    Such untrue, libelous, and defamatory statements have caused and are continuing to cause
       injury and damage to the plaintiff and his reputation.

52.    The Town and Chief knew or should have known that the EES Notification and the
       statements within the EES Notification were untrue, and would cause the plaintiff harm,
       at the time such statements were made.

53.    At all times relevant, the Town employed the Chief, and is vicariously liable for his
       actions as outlined herein.

54.    The plaintiff is entitled to an award of damages against the Town in the amount of his
       damages suffered as a result of the untrue, libelous, and slanderous statements.

8

<u>COUNT III</u>
<u>ATTORNEY'S FEES</u>

55.     The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

56.     The violations of the Defendant herein are clear and unmitigated.

57.     Accordingly, the Plaintiff was forced to file this lawsuit to establish, protect, and secure his clearly defined and established rights.

58.     The Plaintiff is entitled to an award of the attorneys' fees and costs expended to this matter.

## **DEMAND FOR JURY TRIAL**

The Plaintiff respectfully request a trial by jury on all counts and issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order and judgment:

A.      Compelling the defendant to withdraw its EES Notification;

B.      Declaring and compelling that the Plaintiff Doe be removed from the EES a/k/a Laurie List;

C.      Granting a preliminary and permanent injunction compelling the defendant to withdraw its EES Notification and remove Doe from the EES a/k/a Laurie List;

D.      Enter an award to the Plaintiff of his damages;

E.      Enter an award to the Plaintiff of his reasonable attorneys' fees and other costs; and

F.      Grant such further relief as is just and equitable.

9

Respectfully submitted,

**PLAINTIFF,**
JOHN DOE,
By His Attorneys,

COOPER CARGILL CHANT, P.A.

/s/ Christopher T. Meier

Dated:  September 2, 2021

Christopher T. Meier, Bar ID # 17136
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel:     (603) 356-5439
Fax:     (603) 356-7975
Email: cmeier@coopercargillchant.com

10

**Filed**
**File Date: 9/2/2021 2:49 PM**
**Grafton Superior Court**
**E-Filed Document**

### THE STATE OF NEW HAMPSHIRE

GRAFTON, SS

Motion Granted subject, however,
to reconsideration after service of
process upon the defendant or if
otherwise required by law.

SUPERIOR COURT
DOCKET NO. 215-2021-CV-00252

**Plaintiff,**

v.

**TOWN OF LISBON**
**Defendant.**

Clerk's Notice of Decision
Document Sent to Parties
on  09/28/2021

Honorable Lawrence A. MacLeod, Jr.
September 28, 2021

### MOTION TO SEAL

NOW COMES the Plaintiff, ▮▮▮▮▮▮▮▮, by and through his counsel, Cooper

Cargill Chant, P.A., and hereby moves that this Court seal the docket and all pleadings in this

matter, and in support thereof submits as follows:

1.  This action is being filed to protect the Plaintiff's State and Federal Constitutional rights
    and to remove his name from the so-called Exculpatory Evidence Schedule (also known
    as the "Laurie List").

2.  The Plaintiff is concerned that publicly having his name as plaintiff will undercut any
    relief obtained in this matter, and will further jeopardize his ability to obtain future
    employment in the criminal justice and policing field – even if he is fully vindicated in
    this matter.

3.  When determining whether to seal a case, "the burden of proof rests with the party
    seeking closure...to demonstrate with specificity that there is some overriding
    consideration or special circumstance, that is, a sufficiently compelling interest, which
    outweighs the public's right of access to those records." *In re Keene Sentinel*, 136 N.H.
    121, 128 (1992) (citation omitted).

4.  The plaintiffs' interest in having this lawsuit be filed under seal, while his Constitutional

rights are vindicated, is a compelling interest that outweighs the right of the public's right

of access to this litigation's docket.

The WHEREFORE, the Plaintiff respectfully requests that this Court:

A.       Seal the Docket and all pleadings in this matter; and

B.       Grant such further relief as is just and equitable.

Respectfully submitted,

**PLAINTIFF,**

█████████████████,

By His Attorneys,

COOPER CARGILL CHANT, P.A.

/s/ Christopher T. Meier

Dated:  September 2, 2021

_____
Christopher T. Meier, Bar ID # 17136
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel:    (603) 356-5439
Fax:    (603) 356-7975
Email:  cmeier@coopercargillchant.com

2

**Filed**
**File Date: 10/25/2021 4:37 PM**
**Grafton Superior Court**
**E-Filed Document**

DO NOT REMOVE SHERIFF'S RETURN

Return of Service

GRAFTON, SS

215-2021-CV-00252

10/19/2021          03:30pm

    I summoned the within named
TOWN OF LISBON,

by IN HAND service
to SCOTT CHAMPAGNE, SELECTBOARD CHAIR

at 46 SCHOOL ST, LISBON, NH

in said County, an attested copy of this
SUMMONS IN A CIVIL ACTION-WEBEX PRELIMINARY INJUNCTION HEARING SCHEDULED,
attested as such by David P. Carlson, Clerk of the Superior Court for the
County of Grafton of which the foregoing is a true copy.

_____
Grafton County Sheriff's Dept.
Deputy CODY MACKAY

FEES:

Service:                30.00
Mileage:                 0.00
Misc.:
    Postage & Handling   1.00
                      --------

TOTAL                   31.00

**True Copy Attest**

David P. Carlson, Clerk of Court
November 15, 2021



# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Grafton Superior Court
3785 Dartmouth College Highway
North Haverhill NH  03774

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION
## WEBEX PRELIMINARY INJUNCTION HEARING SCHEDULED

Case Name:     **John Doe v Town of Lisbon**
Case Numbers:  **215-2021-CV-00252**

Date Complaint Filed: September 02, 2021

A Complaint has been filed against Town of Lisbon in this Court.  A Copy of the Complaint is attached.

This Court has scheduled the following:
   **Hearing on Request for Preliminary Injunction**

**Date: November 18, 2021**
**Time: 2:30 PM**
**Time Allotted:  30 Minutes**

**\*\*\*\*\*<u>THIS HEARING WILL BE CONDUCTED BY VIDEO.  A WEBEX INVITATION CONTAINING A LINK FOR THE VIDEO HEARING WILL BE E-MAILED TO EACH PARTY ONCE THEIR APPEARANCE IS FILED WITH THE COURT</u>\*\*\*\*\***

If more time is needed for this hearing, contact the Court immediately.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| Immediately | John Doe shall have this Summons and the attached Complaint served upon Town of Lisbon in manner allowed by law. |
| November 10, 2021 | John Doe shall electronically file the return(s) of service with this Court.  Failure to do so may result in this action being dismissed without further notice. |
| November 16, 2021 | Town of Lisbon shall electronically file an Appearance with this Court.  A copy of the Appearance must be sent electronically to the party/parties listed below. |
| 30 days after service | Town of Lisbon must electronically file an Answer or other responsive pleading with this Court.  A copy of the Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Town of Lisbon:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

Send copies to:

| | |
|---|---|
| Christopher T. Meier, ESQ | Cooper Cargill Chant PA 2935 White Mountain Highway North Conway NH  03860-5210 |
| Town of Lisbon | 46 School Street Lisbon NH  03585 |

BY ORDER OF THE COURT

October 09, 2021

David P. Carlson
Clerk of Court

NHJB-2711-Se (07/01/2018)

This is a Service Document For Case: 215-2021-CV-00252
Grafton Superior Court
10/9/2021 10:30 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Grafton Superior Court
3785 Dartmouth College Highway
North Haverhill NH  03774

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:    **John Doe v Town of Lisbon**
Case Number:  **215-2021-CV-00252**

You have been served with a Complaint which serves as notice that this legal action has been filed
against you in the **Grafton Superior Court.**  Review the Complaint to see the basis for the claim.

Each Defendant is required to electronically file an Appearance with the court by **November 16,
2021**.  In addition, you are required to file an Answer or responsive pleading 30 days after service.
You may register and respond on any private or public computer.  For your convenience, there is also
a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to
represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the
Electronic Services icon and then select the option for a self-represented party.
1. Complete the registration/log in process.  Click Register and follow the prompts.
2. After you register, click Start Now.  Select **Grafton Superior Court** as the location.
3. Select "I am filing into an existing case".  Enter **215-2021-CV-00252** and click Next.
4. When you find the case, click on the link and follow the instructions on the screen.  On the
   "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow
   the instructions to complete your filing.
5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and
court
orders electronically to the email address you provide.

A person who is filing or defending against a Civil Action will want to be familiar with the Rules of the
Superior Court.  This information is also available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the Complaint, you can access documents electronically
filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In
that process you will register, validate your email, request access and approval to view your case.
After your information is validated by the court, you will be able to view case information and
documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

NHJB-2711-Se (07/01/2018)

**Filed**
**File Date: 9/2/2021 2:49 PM**
**Grafton Superior Court**
**E-Filed Document**

## THE STATE OF NEW HAMPSHIRE

GRAFTON, SS

SUPERIOR COURT
DOCKET NO. 215-2021-CV-00252

### JOHN DOE[1],
### Plaintiff,

v.

### TOWN OF LISBON,
### Defendant.

### COMPLAINT and
### JURY DEMAND

NOW COMES the Plaintiff, JOHN DOE ("Doe"), and respectfully petitions the Court

pursuant to Part 1 Article 15 of The New Hampshire Constitution and the Fourteenth

Amendment of the United States Constitution, and other applicable law, to order and compel the

Defendant the Town of Lisbon to withdraw its EES Notification to the New Hampshire

Department of Justice, to remove and/or cause the removal of plaintiff Doe from the so-called

Exculpatory Evidence Schedule (also known as the "Laurie List"), and overturn the disciplinary

finding which resulted in Doe's placement on the EES, as it was accomplished upon

unsubstantiated allegations, without appropriate notice and hearing, and without appropriate due

process afforded to Plaintiff Doe.  The plaintiff Doe requests a jury trial on all counts so triable.

In support of this petition, Plaintiff Doe states as follows:

### PARTIES

1.      The Plaintiff, John Doe ("Doe"), is a natural person and a New Hampshire resident with a

        residential address in Grafton County, and a mailing address through counsel at Cooper

        Cargill Chant, P.A., 2935 White Mountain Highway, North Conway, NH 03860.

---

[1] John Doe is a pseudonym.

2. The Defendant, Town of Lisbon (the "Town"), is a municipal corporation with a principal place of business and mailing address of 46 School St, Lisbon, New Hampshire 03585.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the parties and subject matter jurisdiction pursuant to RSA 491:7 and 498:12.

4. Venue is appropriate in Grafton County as the plaintiff and defendant are located in Grafton County.

## FACTUAL BACKGROUND

5. On or about March 30, 2009, the Plaintiff Doe was hired by the Town of Lisbon as a full-time Police Patrolman.

### Past Issues

6. Officer Doe's issues with the Department began when Officer Doe requested reimbursement for his ballistic vest, which the Department refused in 2011.

7. When Officer Doe's ballistic vest was at the end of its operational life in 2016, Officer Doe again asked for a ballistic vest at Town expense, which again was refused despite purchases for other officers (including the Chief). When Officer Doe complained about the vest issue, he was disciplined.

8. Officer Doe only received a new ballistic vest after retaining counsel, and making demand through counsel.

### Current Issue

9. Generally, RSA 106-L:6, VII and IX requires police officers to pass a fitness test every three (3) years.

2

10.   Standard operating procedure, practice, and custom, allowed police officers in the Town
      of Lisbon (and elsewhere in New Hampshire) to perform their fitness test with nearby
      police departments to allow better availability.

11.   Accordingly, on October 15, 2020, Officer Doe conducted his fitness test with the Chief
      of the Bethlehem Police Department.

12.   Officer Doe passed his fitness test, and submitted the form signed by the Bethlehem PD
      Chief to the State of New Hampshire Police Standards and Training Council ("Council").

13.   On October 21, 2020, the Council sent officer Doe a letter verifying receipt, compliance
      with the requirements, and noting that Officer Doe would next need to test in 2023.  This
      letter was carbon copied to Chief Benjamin Bailey of the Lisbon Police Department.

14.   In response, Chief Bailey contacted the Council and invalidated Officer Doe's passing
      test, despite the procedure, practice, and custom allowing an off-site test.

15.   On or about December 4, 2020, Plaintiff Doe received both a Verbal Warning and a
      Written Warning for failure to perform a physical fitness test, despite Plaintiff Doe's
      prior passing fitness test with the Bethlehem Chief, and the procedure, practice, and
      custom allowing the same.

16.   On the same day, Plaintiff Doe also received a warning about failing to turn off lights.
      On or about December 9, 2020, Plaintiff Doe received a letter from Chief Bailey stating
      he was being placed on Paid Administrative Leave pending an "internal investigation."

17.   Plaintiff Doe fully cooperated with the internal investigation.

18.   On or about December 14, 2020, Plaintiff Doe received a letter from the Council
      indicating that his approval was withdrawn and he needed to perform another physical
      fitness test, upon information and belief because of the actions of Chief Bailey.

3

19. On December 22, 2020, Plaintiff Doe was interviewed.

20. On or about January 5, 2021, Plaintiff Doe received a letter from Chief Bailey indicating that he was recommending disciplinary action to the Board of Selectmen, up to and including termination.

21. The same day, Plaintiff Doe received a notification that his certification as a police officer was being suspended.

22. On January 11, 2021, Plaintiff Doe met with the Selectmen in non-public session.

23. On or about January 14, 2021 the Plaintiff Doe was terminated as a police officer, and received a letter of termination from the Town of Lisbon.

24. On the same day, Chief Bailey sent a letter to the Criminal Justice Bureau of the New Hampshire Department of Justice, titled "**EES NOTIFICATION**", and indicating that a "determination has been made that [Plaintiff Doe] has engaged in conduct that may be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *State v. Laurie*, 139 N.H. 325 (1995)." (the "EES Notification").

25. Subsequent to his termination and the EES Notification, Doe learned that the Town had conducted an Internal Administrative Investigation ("IAI"), issued an IAI Report, and had based its decision to terminate DOE and issue the EES Notification was made on the basis of the IAI.

26. At no time prior to his termination or the issuance of the EES Notification had Doe been informed of the IAI, or provided a copy of the IAI Report which formed the basis for his termination and the EES Notification.

27. Upon information and belief, the NHDOJ maintains a statewide so-called EES or Exculpatory Evidence Schedule, formerly known as the "Laurie List", which consists of a

spreadsheet of police officers regarding whom such EES Notifications have been issued.

28. EES notification, and placement and maintenance of a police officer upon the EES, each have a substantially detrimental effect on the career and livelihood of any such police officer, whether such placement was warranted or not, including without limitation additional difficulties in obtaining a job in law enforcement.

29. Chief Bailey's EES Notification, and placement and maintenance of Plaintiff Doe upon the EES each have, and is likely to have in the future, a substantially detrimental effect on Plaintiff Doe's career and livelihood, including without limitation additional difficulties in obtaining a job in law enforcement.

30. At no time prior to the EES Notification had Plaintiff Doe been notified that any investigation, his interview, or his meeting with the Board of Selectmen, could potentially result in an EES Notification or his inclusion on the EES.

31. Plaintiff Doe was not given or offered any opportunity to appeal such a finding prior to the EES Notification being sent to NHDOJ.

32. Plaintiff Doe was not given the opportunity to assess or question his accusers, which testimony formed the basis of the determination underlying the EES Notification.

33. Plaintiff Doe asserts that the basis for the EES Notification was not based upon fact, and therefore is unfounded and cannot be sustained.

34. Moreover, Plaintiff Doe asserts that if he was given the opportunity to question witnesses and appeal, the basis for the EES Notification would not be sustained.

35. Plaintiff Doe further asserts that even if even if the findings underlying the EES Notification were sustained, the actions alleged are not sufficient for an EES Notification or inclusion on the EES.

36.    Plaintiff Doe asserts that the EES Notification was accomplished not based upon fact but because of the personal bias of the Chief against Plaintiff Doe, and in retaliation for complaints that he has made in the past.

37.    The Plaintiff Doe's ability to secure future employment in the law enforcement field has been severely hindered by his addition to the EES, will cause undue damage to his reputation, and is in direct violation of his constitutional civil rights, including without limitation his substantive and procedural due process rights.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF PROCEDURAL DUE PROCESS

38.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

39.    The actions of the Town of Lisbon and its Chief of Police and each of them, including without limitation the EES Notification with intent that Plaintiff Doe be placed on the EES a/k/a Laurie List, without notice, without a hearing where Plaintiff Doe knew in advance that EES Notification was a potential outcome, without a decision by a neutral decisionmaker, and without any ability to appeal, were a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

40.    Alternatively and/or in addition, the rules, regulations, policies, procedures, customs, and/or usage of the defendant(s) which allowed or directed the EES Notification under these circumstances were and are a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United

6

States Constitution, and the New Hampshire Constitution.

41.   As a direct and proximate result of such violations, the Plaintiff Doe has been caused to and continues to suffer damages.

42.   Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42 generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief, including without limitation withdrawal of the EES Notification and removal from the EES.

COUNT II
VIOLATION OF SUBSTANTIVE DUE PROCESS

43.   The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

44.   The actions of the Town of Lisbon and its Chief of Police and each of them, including without limitation the EES Notification with intent that Plaintiff Doe be placed on the EES a/k/a Laurie List, was a violation of the Plaintiff Doe's substantive due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution, namely plaintiff Doe's right to work.

45.   Alternatively and/or in addition, the rules, regulations, policies, procedures, customs, and/or usage of the defendant(s) which allowed or directed the EES Notification under these circumstances were and are a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

46.   As a direct and proximate result of such violations, the Plaintiff Doe has been caused to and continues to suffer damages.

47.   Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the

New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42

generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief,

including without limitation withdrawal of the EES Notification and removal from the

EES.

COUNT III
LIBEL, SLANDER, AND DAMAGE TO REPUTATION

48.   The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully

set forth herein.

49.   The basis for the EES Notification and the statements within the EES Notification made

by the defendant, are, and were, untrue statements about Plaintiff, purporting to be fact.

50.   The EES Notification was a publication of such untrue, libelous, and defamatory

statement.

51.   Such untrue, libelous, and defamatory statements have caused and are continuing to cause

injury and damage to the plaintiff and his reputation.

52.   The Town and Chief knew or should have known that the EES Notification and the

statements within the EES Notification were untrue, and would cause the plaintiff harm,

at the time such statements were made.

53.   At all times relevant, the Town employed the Chief, and is vicariously liable for his

actions as outlined herein.

54.   The plaintiff is entitled to an award of damages against the Town in the amount of his

damages suffered as a result of the untrue, libelous, and slanderous statements.

<u>COUNT III</u>
<u>ATTORNEY'S FEES</u>

55.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

56.    The violations of the Defendant herein are clear and unmitigated.

57.    Accordingly, the Plaintiff was forced to file this lawsuit to establish, protect, and secure his clearly defined and established rights.

58.    The Plaintiff is entitled to an award of the attorneys' fees and costs expended to this matter.

**<u>DEMAND FOR JURY TRIAL</u>**

The Plaintiff respectfully request a trial by jury on all counts and issues so triable.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order and judgment:

A.    Compelling the defendant to withdraw its EES Notification;

B.    Declaring and compelling that the Plaintiff Doe be removed from the EES a/k/a Laurie List;

C.    Granting a preliminary and permanent injunction compelling the defendant to withdraw its EES Notification and remove Doe from the EES a/k/a Laurie List;

D.    Enter an award to the Plaintiff of his damages;

E.    Enter an award to the Plaintiff of his reasonable attorneys' fees and other costs; and

F.    Grant such further relief as is just and equitable.

9

Respectfully submitted,

**PLAINTIFF,**
JOHN DOE,
By His Attorneys,

COOPER CARGILL CHANT, P.A.

/s/ Christopher T. Meier

Dated: September 2, 2021

Christopher T. Meier, Bar ID # 17136
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel:    (603) 356-5439
Fax:    (603) 356-7975
Email: cmeier@coopercargillchant.com

10

**Filed**
**File Date: 9/2/2021 2:49 PM**
**Grafton Superior Court**
**E-Filed Document**

## THE STATE OF NEW HAMPSHIRE

GRAFTON, SS

Motion Granted subject, however,
to reconsideration after service of
process upon the defendant or if
otherwise required by law.

*[signature]*

Honorable Lawrence A. MacLeod, Jr.
September 28, 2021

SUPERIOR COURT
DOCKET NO. 215-2021-CV-00252

████████████████████,

**Plaintiff,**

v.

**TOWN OF LISBON**
**Defendant.**

Clerk's Notice of Decision
Document Sent to Parties
on  09/28/2021

## MOTION TO SEAL

NOW COMES the Plaintiff, ████████████, by and through his counsel, Cooper

Cargill Chant, P.A., and hereby moves that this Court seal the docket and all pleadings in this

matter, and in support thereof submits as follows:

1.  This action is being filed to protect the Plaintiff's State and Federal Constitutional rights

    and to remove his name from the so-called Exculpatory Evidence Schedule (also known

    as the "Laurie List").

2.  The Plaintiff is concerned that publicly having his name as plaintiff will undercut any

    relief obtained in this matter, and will further jeopardize his ability to obtain future

    employment in the criminal justice and policing field – even if he is fully vindicated in

    this matter.

3.  When determining whether to seal a case, "the burden of proof rests with the party

    seeking closure...to demonstrate with specificity that there is some overriding

    consideration or special circumstance, that is, a sufficiently compelling interest, which

    outweighs the public's right of access to those records." *In re Keene Sentinel*, 136 N.H.

    121, 128 (1992) (citation omitted).

4.  The plaintiffs' interest in having this lawsuit be filed under seal, while his Constitutional

rights are vindicated, is a compelling interest that outweighs the right of the public's right

of access to this litigation's docket.

The WHEREFORE, the Plaintiff respectfully requests that this Court:

A.      Seal the Docket and all pleadings in this matter; and

B.      Grant such further relief as is just and equitable.

Respectfully submitted,

**PLAINTIFF,**

█████████████████ ,

By His Attorneys,

COOPER CARGILL CHANT, P.A.

/s/ Christopher T. Meier

Dated: September 2, 2021

Christopher T. Meier, Bar ID # 17136
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel:   (603) 356-5439
Fax:  (603) 356-7975
Email: cmeier@coopercargillchant.com

2

Filed
File Date: 9/2/2021 2:49 PM
Grafton Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

GRAFTON, SS                                  SUPERIOR COURT
                                             DOCKET NO. 215-2021-CV-00252

████████████
**Plaintiff,**

v.

**TOWN OF LISBON,**
**Defendant.**

## COMPLAINT and
## JURY DEMAND

NOW COMES the Plaintiff, ████████ ("█████"), and respectfully petitions the

Court pursuant to Part 1 Article 15 of The New Hampshire Constitution and the Fourteenth

Amendment of the United States Constitution, and other applicable law, to order and compel the

Defendant the Town of Lisbon to withdraw its EES Notification to the New Hampshire

Department of Justice, to remove and/or cause the removal of Plaintiff ████ from the so-called

Exculpatory Evidence Schedule (also known as the "Laurie List"), and overturn the disciplinary

finding which resulted in ████ placement on the EES, as it was accomplished upon

unsubstantiated allegations, without appropriate notice and hearing, and without appropriate due

process afforded to Plaintiff ████ The Plaintiff ████ requests a jury trial on all counts so

triable.

In support of this petition, Plaintiff ████ states as follows:

## PARTIES

1.      The Plaintiff, Brandon ████ ("█████ is a natural person and a New Hampshire

        resident with a residential address in Grafton County, and a mailing address through

        counsel at Cooper Cargill Chant, P.A., 2935 White Mountain Highway, North Conway,

True Copy Attest

David P. Carlson, Clerk of Court

November 15, 2021

NH 03860.

2.     The Defendant, Town of Lisbon (the "Town"), is a municipal corporation with a

       principal place of business and mailing address of 46 School St, Lisbon, New Hampshire

       03585.

## JURISDICTION AND VENUE

3.     This Court has personal jurisdiction over the parties and subject matter jurisdiction

       pursuant to RSA 491:7 and 498:12.

4.     Venue is appropriate in Grafton County as the plaintiff and defendant are located in

       Grafton County.

## FACTUAL BACKGROUND

5.     On or about March 30, 2009, the Plaintiff ████ was hired by the Town of Lisbon as a

       full-time Police Patrolman.

### Past Issues

6.     Officer ████ issues with the Department began when Officer ████ requested

       reimbursement for his ballistic vest, which the Department refused in 2011.

7.     When Officer ████ ballistic vest was at the end of its operational life in 2016, Officer

       ████ again asked for a ballistic vest at Town expense, which again was refused despite

       purchases for other officers (including the Chief).  When Officer ████ complained

       about the vest issue, he was disciplined.

8.     Officer ████ only received a new ballistic vest after retaining counsel, and making

       demand through counsel.

### Current Issue

9.     Generally, RSA 106-L:6, VII and IX requires police officers to pass a fitness test every

three (3) years.

10.     Standard operating procedure, practice, and custom, allowed police officers in the Town of Lisbon (and elsewhere in New Hampshire) to perform their fitness test with nearby police departments to allow better availability.

11.     Accordingly, on October 15, 2020, Officer █████ conducted his fitness test with the Chief of the Bethlehem Police Department.

12.     Officer █████ passed his fitness test, and submitted the form signed by the Bethlehem PD Chief to the State of New Hampshire Police Standards and Training Council ("Council").

13.     On October 21, 2020, the Council sent officer █████ a letter verifying receipt, compliance with the requirements, and noting that Officer █████ would next need to test in 2023. This letter was carbon copied to Chief Benjamin Bailey of the Lisbon Police Department.

14.     In response, Chief Bailey contacted the Council and invalidated Officer █████ passing test, despite the procedure, practice, and custom allowing an off-site test.

15.     On or about December 4, 2020, Plaintiff █████ received both a Verbal Warning and a Written Warning for failure to perform a physical fitness test, despite Plaintiff █████ prior passing fitness test with the Bethlehem Chief, and the procedure, practice, and custom allowing the same.

16.     On the same day, Plaintiff █████ also received a warning about failing to turn off lights. On or about December 9, 2020, Plaintiff █████ received a letter from Chief Bailey stating he was being placed on Paid Administrative Leave pending an "internal investigation."

17.    Plaintiff ██████ fully cooperated with the internal investigation.

18.    On or about December 14, 2020, Plaintiff ██████ received a letter from the Council indicating that his approval was withdrawn and he needed to perform another physical fitness test, upon information and belief because of the actions of Chief Bailey.

19.    On December 22, 2020, Plaintiff ██████ was interviewed.

20.    On or about January 5, 2021, Plaintiff ██████ received a letter from Chief Bailey indicating that he was recommending disciplinary action to the Board of Selectmen, up to and including termination.

21.    The same day, Plaintiff ██████ received a notification that his certification as a police officer was being suspended.

22.    On January 11, 2021, Plaintiff ██████ met with the Selectmen in non-public session.

23.    On or about January 14, 2021 the Plaintiff ██████ was terminated as a police officer, and received a letter of termination from the Town of Lisbon.

24.    On the same day, Chief Bailey sent a letter to the Criminal Justice Bureau of the New Hampshire Department of Justice, titled "**EES NOTIFICATION**", and indicating that a "determination has been made that [Plaintiff ██████ has engaged in conduct that may be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *State v. Laurie*, 139 N.H. 325 (1995)." (the "EES Notification").

25.    Subsequent to his termination and the EES Notification, ██████ learned that the Town had conducted an Internal Administrative Investigation ("IAI"), issued an IAI Report, and had based its decision to terminate ██████ and issue the EES Notification was made on the basis of the IAI.

26.    At no time prior to his termination or the issuance of the EES Notification had ██████

been informed of the IAI, or provided a copy of the IAI Report which formed the basis

for his termination and the EES Notification.

27.     Upon information and belief, the NHDOJ maintains a statewide so-called EES or

Exculpatory Evidence Schedule, formerly known as the "Laurie List", which consists of a

spreadsheet of police officers regarding whom such EES Notifications have been issued.

28.     EES notification, and placement and maintenance of a police officer upon the EES, each

have a substantially detrimental effect on the career and livelihood of any such police

officer, whether such placement was warranted or not, including without limitation

additional difficulties in obtaining a job in law enforcement.

29.     Chief Bailey's EES Notification, and placement and maintenance of Plaintiff ███████

upon the EES each have, and is likely to have in the future, a substantially detrimental

effect on Plaintiff ███████ career and livelihood, including without limitation additional

difficulties in obtaining a job in law enforcement.

30.     At no time prior to the EES Notification had Plaintiff ███████ been notified that any

investigation, his interview, or his meeting with the Board of Selectmen, could

potentially result in an EES Notification or his inclusion on the EES.

31.     Plaintiff ███████ was not given or offered any opportunity to appeal such a finding prior

to the EES Notification being sent to NHDOJ.

32.     Plaintiff ███████ was not given the opportunity to assess or question his accusers, which

testimony formed the basis of the determination underlying the EES Notification.

33.     Plaintiff ███████ asserts that the basis for the EES Notification was not based upon fact,

and therefore is unfounded and cannot be sustained.

34.     Moreover, Plaintiff ███████ asserts that if he was given the opportunity to question

witnesses and appeal, the basis for the EES Notification would not be sustained.

35.    Plaintiff ███ further asserts that even if even if the findings underlying the EES

Notification were sustained, the actions alleged are not sufficient for an EES Notification

or inclusion on the EES.

36.    Plaintiff ███ asserts that the EES Notification was accomplished not based upon fact

but because of the personal bias of the Chief against Plaintiff ███ and in retaliation

for complaints that he has made in the past.

37.    The Plaintiff ███ ability to secure future employment in the law enforcement field

has been severely hindered by his addition to the EES, will cause undue damage to his

reputation, and is in direct violation of his constitutional civil rights, including without

limitation his substantive and procedural due process rights.


**CLAIMS FOR RELIEF**

COUNT I
VIOLATION OF PROCEDURAL DUE PROCESS

38.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully

set forth herein.

39.    The actions of the Town of Lisbon and its Chief of Police and each of them, including

without limitation the EES Notification with intent that Plaintiff ███ be placed on the

EES a/k/a Laurie List, without notice, without a hearing where Plaintiff ███ knew in

advance that EES Notification was a potential outcome, without a decision by a neutral

decisionmaker, and without any ability to appeal, were a violation of the Plaintiff

███ procedural due process rights afforded to him by the Fifth and Fourteenth

Amendments to the United States Constitution, and the New Hampshire Constitution.

6

40.    Alternatively and/or in addition, the rules, regulations, policies, procedures, customs, and/or usage of the defendant(s) which allowed or directed the EES Notification under these circumstances were and are a violation of the Plaintiff ██████ procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

41.    As a direct and proximate result of such violations, the Plaintiff ██████ has been caused to and continues to suffer damages.

42.    Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42 generally, the Plaintiff ██████ is entitled to damages, attorneys' fees, and injunctive relief, including without limitation withdrawal of the EES Notification and removal from the EES.

COUNT II
VIOLATION OF SUBSTANTIVE DUE PROCESS

43.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

44.    The actions of the Town of Lisbon and its Chief of Police and each of them, including without limitation the EES Notification with intent that Plaintiff ██████ be placed on the EES a/k/a Laurie List, was a violation of the Plaintiff ██████ substantive due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution, namely plaintiff ██████ right to work.

45.    Alternatively and/or in addition, the rules, regulations, policies, procedures, customs, and/or usage of the defendant(s) which allowed or directed the EES Notification under

these circumstances were and are a violation of the Plaintiff ███ procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

46. As a direct and proximate result of such violations, the Plaintiff ███ has been caused to and continues to suffer damages.

47. Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42 generally, the Plaintiff ███ is entitled to damages, attorneys' fees, and injunctive relief, including without limitation withdrawal of the EES Notification and removal from the EES.

<u>COUNT III</u>
<u>LIBEL, SLANDER, AND DAMAGE TO REPUTATION</u>

48. The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

49. The basis for the EES Notification and the statements within the EES Notification made by the defendant, are, and were, untrue statements about Plaintiff, purporting to be fact.

50. The EES Notification was a publication of such untrue, libelous, and defamatory statement.

51. Such untrue, libelous, and defamatory statements have caused and are continuing to cause injury and damage to the plaintiff and his reputation.

52. The Town and Chief knew or should have known that the EES Notification and the statements within the EES Notification were untrue, and would cause the plaintiff harm, at the time such statements were made.

53. At all times relevant, the Town employed the Chief, and is vicariously liable for his

actions as outlined herein.

54.  The plaintiff is entitled to an award of damages against the Town in the amount of his

damages suffered as a result of the untrue, libelous, and slanderous statements.

COUNT III
ATTORNEY'S FEES

55.   The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if

fully set forth herein.

56.  The violations of the Defendant herein are clear and unmitigated.

57.  Accordingly, the Plaintiff was forced to file this lawsuit to establish, protect, and secure

his clearly defined and established rights.

58.  The Plaintiff is entitled to an award of the attorneys' fees and costs expended to this

matter.

**DEMAND FOR JURY TRIAL**

The Plaintiff respectfully request a trial by jury on all counts and issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order and

judgment:

A.      Compelling the defendant to withdraw its EES Notification;

B.      Declaring and compelling that the Plaintiff ███ be removed from the EES a/k/a

Laurie List;

9

C.      Granting a preliminary and permanent injunction compelling the defendant to

        withdraw its EES Notification and remove ███████ from the EES a/k/a Laurie List;

D.      Enter an award to the Plaintiff of his damages;

E.      Enter an award to the Plaintiff of his reasonable attorneys' fees and other costs; and

F.      Grant such further relief as is just and equitable.


                            Respectfully submitted,

                            **PLAINTIFF,**
                            BRANDON ████████
                            By His Attorneys,

                            COOPER CARGILL CHANT, P.A.

                            /s/ Christopher T. Meier

Dated:  September 2, 2021   _____
                            Christopher T. Meier, Bar ID # 17136
                            2935 White Mountain Highway
                            North Conway, New Hampshire 03860
                            Tel:    (603) 356-5439
                            Fax:    (603) 356-7975
                            Email:  cmeier@coopercargillchant.com


Y:\CLIENT FILES\19564 - ███████001 v. Town of Lisbon\Pleadings\2021.09.02 Complaint-NOT REDACTED.docx

## **VERIFICATION**

I hereby swear that the facts outlined in the foregoing Verified Complaint are true, accurate and complete to the best of my knowledge and understanding.

/s/ Brandon ████ (signature on file per SCR E-file Rules 14 & 15)

Dated:  August 18, 2021    _____

Brandon ████

STATE OF NEW HAMPSHIRE
COUNTY OF GRAFTON

On this 18th day of August, 2021, before me, personally Brandon ████ and swore the foregoing to be true and complete to the best of his knowledge and understanding.

/s/ signature on file per SCR E-File Rules 14& 15)

_____

~~Notary Public~~/Justice of the Peace

Seal                    My Commission Expires: 02/01/2022

Filed
File Date: 9/2/2021 2:49 PM
Grafton Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

GRAFTON, SS

SUPERIOR COURT
DOCKET NO. 215-2021-CV-00252

## JOHN DOE[1],
**Plaintiff,**

v.

## TOWN OF LISBON,
**Defendant.**

## COMPLAINT and
## JURY DEMAND

NOW COMES the Plaintiff, JOHN DOE ("Doe"), and respectfully petitions the Court pursuant to Part 1 Article 15 of The New Hampshire Constitution and the Fourteenth Amendment of the United States Constitution, and other applicable law, to order and compel the Defendant the Town of Lisbon to withdraw its EES Notification to the New Hampshire Department of Justice, to remove and/or cause the removal of plaintiff Doe from the so-called Exculpatory Evidence Schedule (also known as the "Laurie List"), and overturn the disciplinary finding which resulted in Doe's placement on the EES, as it was accomplished upon unsubstantiated allegations, without appropriate notice and hearing, and without appropriate due process afforded to Plaintiff Doe.  The plaintiff Doe requests a jury trial on all counts so triable.

In support of this petition, Plaintiff Doe states as follows:

## PARTIES

1.      The Plaintiff, John Doe ("Doe"), is a natural person and a New Hampshire resident with a residential address in Grafton County, and a mailing address through counsel at Cooper Cargill Chant, P.A., 2935 White Mountain Highway, North Conway, NH 03860.

---

[1] John Doe is a pseudonym.

True Copy Attest

David P. Carlson, Clerk of Court

November 15, 2021

2.    The Defendant, Town of Lisbon (the "Town"), is a municipal corporation with a

       principal place of business and mailing address of 46 School St, Lisbon, New Hampshire

       03585.

## JURISDICTION AND VENUE

3.    This Court has personal jurisdiction over the parties and subject matter jurisdiction

       pursuant to RSA 491:7 and 498:12.

4.    Venue is appropriate in Grafton County as the plaintiff and defendant are located in

       Grafton County.

## FACTUAL BACKGROUND

5.    On or about March 30, 2009, the Plaintiff Doe was hired by the Town of Lisbon as a full-

       time Police Patrolman.

### Past Issues

6.    Officer Doe's issues with the Department began when Officer Doe requested

       reimbursement for his ballistic vest, which the Department refused in 2011.

7.    When Officer Doe's ballistic vest was at the end of its operational life in 2016, Officer

       Doe again asked for a ballistic vest at Town expense, which again was refused despite

       purchases for other officers (including the Chief).  When Officer Doe complained about

       the vest issue, he was disciplined.

8.    Officer Doe only received a new ballistic vest after retaining counsel, and making

       demand through counsel.

### Current Issue

9.    Generally, RSA 106-L:6, VII and IX requires police officers to pass a fitness test every

       three (3) years.

10. Standard operating procedure, practice, and custom, allowed police officers in the Town of Lisbon (and elsewhere in New Hampshire) to perform their fitness test with nearby police departments to allow better availability.

11. Accordingly, on October 15, 2020, Officer Doe conducted his fitness test with the Chief of the Bethlehem Police Department.

12. Officer Doe passed his fitness test, and submitted the form signed by the Bethlehem PD Chief to the State of New Hampshire Police Standards and Training Council ("Council").

13. On October 21, 2020, the Council sent officer Doe a letter verifying receipt, compliance with the requirements, and noting that Officer Doe would next need to test in 2023. This letter was carbon copied to Chief Benjamin Bailey of the Lisbon Police Department.

14. In response, Chief Bailey contacted the Council and invalidated Officer Doe's passing test, despite the procedure, practice, and custom allowing an off-site test.

15. On or about December 4, 2020, Plaintiff Doe received both a Verbal Warning and a Written Warning for failure to perform a physical fitness test, despite Plaintiff Doe's prior passing fitness test with the Bethlehem Chief, and the procedure, practice, and custom allowing the same.

16. On the same day, Plaintiff Doe also received a warning about failing to turn off lights. On or about December 9, 2020, Plaintiff Doe received a letter from Chief Bailey stating he was being placed on Paid Administrative Leave pending an "internal investigation."

17. Plaintiff Doe fully cooperated with the internal investigation.

18. On or about December 14, 2020, Plaintiff Doe received a letter from the Council indicating that his approval was withdrawn and he needed to perform another physical fitness test, upon information and belief because of the actions of Chief Bailey.

19.     On December 22, 2020, Plaintiff Doe was interviewed.

20.     On or about January 5, 2021, Plaintiff Doe received a letter from Chief Bailey indicating

that he was recommending disciplinary action to the Board of Selectmen, up to and

including termination.

21.     The same day, Plaintiff Doe received a notification that his certification as a police

officer was being suspended.

22.     On January 11, 2021, Plaintiff Doe met with the Selectmen in non-public session.

23.     On or about January 14, 2021 the Plaintiff Doe was terminated as a police officer, and

received a letter of termination from the Town of Lisbon.

24.     On the same day, Chief Bailey sent a letter to the Criminal Justice Bureau of the New

Hampshire Department of Justice, titled "**EES NOTIFICATION**", and indicating that a

"determination has been made that [Plaintiff Doe] has engaged in conduct that may be

subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *State v.

Laurie*, 139 N.H. 325 (1995)." (the "EES Notification").

25.     Subsequent to his termination and the EES Notification, Doe learned that the Town had

conducted an Internal Administrative Investigation ("IAI"), issued an IAI Report, and

had based its decision to terminate DOE and issue the EES Notification was made on the

basis of the IAI.

26.     At no time prior to his termination or the issuance of the EES Notification had Doe been

informed of the IAI, or provided a copy of the IAI Report which formed the basis for his

termination and the EES Notification.

27.     Upon information and belief, the NHDOJ maintains a statewide so-called EES or

Exculpatory Evidence Schedule, formerly known as the "Laurie List", which consists of a

spreadsheet of police officers regarding whom such EES Notifications have been issued.

28. EES notification, and placement and maintenance of a police officer upon the EES, each have a substantially detrimental effect on the career and livelihood of any such police officer, whether such placement was warranted or not, including without limitation additional difficulties in obtaining a job in law enforcement.

29. Chief Bailey's EES Notification, and placement and maintenance of Plaintiff Doe upon the EES each have, and is likely to have in the future, a substantially detrimental effect on Plaintiff Doe's career and livelihood, including without limitation additional difficulties in obtaining a job in law enforcement.

30. At no time prior to the EES Notification had Plaintiff Doe been notified that any investigation, his interview, or his meeting with the Board of Selectmen, could potentially result in an EES Notification or his inclusion on the EES.

31. Plaintiff Doe was not given or offered any opportunity to appeal such a finding prior to the EES Notification being sent to NHDOJ.

32. Plaintiff Doe was not given the opportunity to assess or question his accusers, which testimony formed the basis of the determination underlying the EES Notification.

33. Plaintiff Doe asserts that the basis for the EES Notification was not based upon fact, and therefore is unfounded and cannot be sustained.

34. Moreover, Plaintiff Doe asserts that if he was given the opportunity to question witnesses and appeal, the basis for the EES Notification would not be sustained.

35. Plaintiff Doe further asserts that even if even if the findings underlying the EES Notification were sustained, the actions alleged are not sufficient for an EES Notification or inclusion on the EES.

36.     Plaintiff Doe asserts that the EES Notification was accomplished not based upon fact but

because of the personal bias of the Chief against Plaintiff Doe, and in retaliation for

complaints that he has made in the past.

37.     The Plaintiff Doe's ability to secure future employment in the law enforcement field has

been severely hindered by his addition to the EES, will cause undue damage to his

reputation, and is in direct violation of his constitutional civil rights, including without

limitation his substantive and procedural due process rights.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF PROCEDURAL DUE PROCESS

38.     The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully

set forth herein.

39.     The actions of the Town of Lisbon and its Chief of Police and each of them, including

without limitation the EES Notification with intent that Plaintiff Doe be placed on the

EES a/k/a Laurie List, without notice, without a hearing where Plaintiff Doe knew in

advance that EES Notification was a potential outcome, without a decision by a neutral

decisionmaker, and without any ability to appeal, were a violation of the Plaintiff Doe's

procedural due process rights afforded to him by the Fifth and Fourteenth Amendments

to the United States Constitution, and the New Hampshire Constitution.

40.     Alternatively and/or in addition, the rules, regulations, policies, procedures, customs,

and/or usage of the defendant(s) which allowed or directed the EES Notification under

these circumstances were and are a violation of the Plaintiff Doe's procedural due

process rights afforded to him by the Fifth and Fourteenth Amendments to the United

States Constitution, and the New Hampshire Constitution.

41.    As a direct and proximate result of such violations, the Plaintiff Doe has been caused to
       and continues to suffer damages.

42.    Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the
       New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42
       generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief,
       including without limitation withdrawal of the EES Notification and removal from the
       EES.

COUNT II
VIOLATION OF SUBSTANTIVE DUE PROCESS

43.    The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully
       set forth herein.

44.    The actions of the Town of Lisbon and its Chief of Police and each of them, including
       without limitation the EES Notification with intent that Plaintiff Doe be placed on the
       EES a/k/a Laurie List, was a violation of the Plaintiff Doe's substantive due process
       rights afforded to him by the Fifth and Fourteenth Amendments to the United States
       Constitution, and the New Hampshire Constitution, namely plaintiff Doe's right to work.

45.    Alternatively and/or in addition, the rules, regulations, policies, procedures, customs,
       and/or usage of the defendant(s) which allowed or directed the EES Notification under
       these circumstances were and are a violation of the Plaintiff Doe's procedural due
       process rights afforded to him by the Fifth and Fourteenth Amendments to the United
       States Constitution, and the New Hampshire Constitution.

46.    As a direct and proximate result of such violations, the Plaintiff Doe has been caused to
       and continues to suffer damages.

47.     Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the
        New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42
        generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief,
        including without limitation withdrawal of the EES Notification and removal from the
        EES.

COUNT III<br>LIBEL, SLANDER, AND DAMAGE TO REPUTATION

48.     The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully
        set forth herein.

49.     The basis for the EES Notification and the statements within the EES Notification made
        by the defendant, are, and were, untrue statements about Plaintiff, purporting to be fact.

50.     The EES Notification was a publication of such untrue, libelous, and defamatory
        statement.

51.     Such untrue, libelous, and defamatory statements have caused and are continuing to cause
        injury and damage to the plaintiff and his reputation.

52.     The Town and Chief knew or should have known that the EES Notification and the
        statements within the EES Notification were untrue, and would cause the plaintiff harm,
        at the time such statements were made.

53.     At all times relevant, the Town employed the Chief, and is vicariously liable for his
        actions as outlined herein.

54.     The plaintiff is entitled to an award of damages against the Town in the amount of his
        damages suffered as a result of the untrue, libelous, and slanderous statements.

<u>COUNT III</u>
<u>ATTORNEY'S FEES</u>

55.   The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

56.   The violations of the Defendant herein are clear and unmitigated.

57.   Accordingly, the Plaintiff was forced to file this lawsuit to establish, protect, and secure his clearly defined and established rights.

58.   The Plaintiff is entitled to an award of the attorneys' fees and costs expended to this matter.

**<u>DEMAND FOR JURY TRIAL</u>**

The Plaintiff respectfully request a trial by jury on all counts and issues so triable.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order and judgment:

A.      Compelling the defendant to withdraw its EES Notification;

B.      Declaring and compelling that the Plaintiff Doe be removed from the EES a/k/a Laurie List;

C.      Granting a preliminary and permanent injunction compelling the defendant to withdraw its EES Notification and remove Doe from the EES a/k/a Laurie List;

D.      Enter an award to the Plaintiff of his damages;

E.      Enter an award to the Plaintiff of his reasonable attorneys' fees and other costs; and

F.      Grant such further relief as is just and equitable.

Respectfully submitted,

**PLAINTIFF,**
JOHN DOE,
By His Attorneys,

COOPER CARGILL CHANT, P.A.

/s/ Christopher T. Meier

Dated:  September 2, 2021

_____

Christopher T. Meier, Bar ID # 17136
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel:     (603) 356-5439
Fax:     (603) 356-7975
Email: cmeier@coopercargillchant.com

Y:\CLIENT FILES\19564 - ███████001 v. Town of Lisbon\Pleadings\2021.09.02 Complaint-REDACTED.docx

Filed
File Date: 11/15/2021 11:46 AM
Grafton Superior Court
E-Filed Document

STATE OF NEW HAMPSHIRE

GRAFTON, SS                                          SUPERIOR COURT

215-2021-cv-00252

John Doe[1]

Plaintiff,

v.

Town of Lisbon,

Defendant

**<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant Town of Lisbon, by its attorneys, Jackson Lewis P.C. and Mitchell Municipal Group, P.A., have this day filed in the Clerk's Office of the United States District Court for the District of New Hampshire, Concord, New Hampshire, a Notice of Removal of this case, as shown by copy attached, and in accordance with the above statute, the State Court proceedings should proceed no further herein, unless and until the case is remanded.



True Copy Attest

David P. Carlson, Clerk of Court

November 15, 2021

[signatures on following page]

---

[1] John Doe is a pseudonym.

This is a Service Document For Case: 215-2021-CV-00252
Grafton Superior Court
11/16/2021 12:06 PM

Respectfully submitted,
Town of Lisbon,

By its attorneys,
JACKSON LEWIS P.C.

Dated: November 15, 2021    By:   /s/ Debra Weiss Ford
Debra Weiss Ford, NHBA #2687
Samuel Martin, NHBA #272195
Jackson Lewis P.C.
100 International Drive, Suite 363
Portsmouth, New Hampshire 03801
603-559-2700
Debra.ford@jacksonlewis.com
Samuel.martin@jacksonlewis.com


AND


MITCHELL MUNICIPAL GROUP P.A,

Dated: November 15, 2021    By:   /s/ Naomi N. Butterfield
Naomi N. Butterfield, NHBA #18079
25 Beacon St. E Ste 2
Laconia, NH 03246
(603) 524-3885
naomi@mitchellmunigroup.com


## CERTIFICATE OF SERVICE

I hereby certify that on this date I provided a true and exact copy of this pleading to Christopher Meier, Plaintiff's counsel of record, via electronic mail and via the Court's ECF system.

Dated: November 15, 2021            /s/ Debra Weiss Ford
Debra Weiss Ford

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Doe[1],

     Plaintiff,

     v.                                          Civil Action No. 1:21-cv-_____

Town of Lisbon,

     Defendant.


## DEFENDANT'S NOTICE OF REMOVAL
## AND DEMAND FOR JURY TRIAL


PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant Town of Lisbon ("Defendant"), by its attorneys, Jackson Lewis P.C. and Mitchell Municipal Group, P.A., hereby removes this action from the Superior Court of the State of New Hampshire, Grafton County, to the United States District Court for the District of New Hampshire.

In support of this Notice of Removal, Defendant states as follows:

1.      By Complaint filed on or about September 2, 2021, Plaintiff instituted claims for deprivation of due process under the Fifth and Fourteenth Amendments to the U.S. Constitution, the New Hampshire Constitution, 42 U.S.C. § 1983, Title 42 of the U.S. Code generally, and defamation against Defendant in the Grafton County Superior Court. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint are attached hereto as Exhibit 1 and 2, certified copies of which will be forwarded upon receipt of the state court record from the Grafton County Superior Court.

---

[1] John Doe is a pseudonym.

1

2.      Pursuant to 28 U.S.C. § 1446(a), this notice of removal is timely filed within thirty (30) days of October 19, 2021, the date on which service of process was made on Defendant.

3.      Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the state court.

4.      This Court has original jurisdiction over this action by virtue of federal question jurisdiction pursuant to 28 U.S.C. §1331. Specifically, Plaintiff is alleging violations of due process under the 5th Amendment to the United States Constitution, the 14th Amendment to the United States Constitution, 42 U.S.C. §1983, and Title 42 of the U.S. Code generally as well as various claims pursuant to state law.

5.      Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

6.      As this action could have been commenced in this Court, removal is proper. 28 U.S.C. §1441(a). Furthermore, this Court may exercise supplemental jurisdiction over the Plaintiff's state law claims. See 28 U.S.C. §1367(a).

Respectfully submitted,
TOWN OF LISBON,

By its attorneys,
JACKSON LEWIS P.C.

Dated: November 15, 2021        By:   /s/ Debra Weiss Ford_____
                                      Debra Weiss Ford, NHBA #2687
                                      Samuel Martin, NHBA #272195
                                      Jackson Lewis P.C.
                                      100 International Drive, Suite 363
                                      Portsmouth, New Hampshire 03801
                                      603-559-2700
                                      Debra.ford@jacksonlewis.com
                                      Samuel.martin@jacksonlewis.com


                                      AND


                                      MITCHELL MUNICIPAL GROUP, P.A.,

Dated: November 15, 2021        By:   /s/ Naomi N. Butterfield_____
                                      Naomi N. Butterfield, NH Bar # 18079
                                      25 Beacon St E Ste 2
                                      Laconia, NH 03246
                                      (603) 524-3885
                                      naomi@mitchellmunigroup.com


### CERTIFICATE OF SERVICE

I hereby certify that on this date I provided a true and exact copy of this pleading to Christopher Meier, Plaintiff's counsel of record, via electronic mail and via the Court's ECF system.

Dated: November 15, 2021                      /s/ Debra Weiss Ford____
                                              Debra Weiss Ford

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Grafton Superior Court
3785 Dartmouth College Highway
North Haverhill NH 03774

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION
## WEBEX PRELIMINARY INJUNCTION HEARING SCHEDULED

Case Name:     **John Doe v Town of Lisbon**
Case Numbers:  **215-2021-CV-00252**

Date Complaint Filed: September 02, 2021

A Complaint has been filed against Town of Lisbon in this Court.  A Copy of the Complaint is attached.

This Court has scheduled the following:

**Hearing on Request for Preliminary Injunction**

**Date: November 18, 2021**

**Time: 2:30 PM**

**Time Allotted:  30 Minutes**

**\*\*\*\*\*<u>THIS HEARING WILL BE CONDUCTED BY VIDEO.</u>  A WEBEX INVITATION CONTAINING A LINK FOR THE VIDEO HEARING WILL BE E-MAILED TO EACH PARTY ONCE THEIR APPEARANCE IS FILED WITH THE COURT\*\*\*\*\***

If more time is needed for this hearing, contact the Court immediately.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| Immediately | John Doe shall have this Summons and the attached Complaint served upon Town of Lisbon in manner allowed by law. |
| November 10, 2021 | John Doe shall electronically file the return(s) of service with this Court.  Failure to do so may result in this action being dismissed without further notice. |
| November 16, 2021 | Town of Lisbon shall electronically file an Appearance with this Court. A copy of the Appearance must be sent electronically to the party/parties listed below. |
| 30 days after service | Town of Lisbon must electronically file an Answer or other responsive pleading with this Court.  A copy of the Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Town of Lisbon:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

If you will need an interpreter or other accommodations for this hearing, please contact the court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

Send copies to:

| | |
|---|---|
| Christopher T. Meier, ESQ | Cooper Cargill Chant PA 2935 White Mountain Highway North Conway NH  03860-5210 |
| Town of Lisbon | 46 School Street Lisbon NH  03585 |

BY ORDER OF THE COURT

October 09, 2021

David P. Carlson
Clerk of Court

This is a Service Document For Case: 215-2021-CV-00252
Grafton Superior Court
10/9/2021 10:30 PM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Grafton Superior Court
3785 Dartmouth College Highway
North Haverhill NH  03774

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## JOHN DOE
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

**Case Name:**      **John Doe v Town of Lisbon**
**Case Number:**    **215-2021-CV-00252**

<u>**Instructions for:**</u> John Doe

The attached Summons will need to be sent to the Sheriff's Department for service.  Service must be completed immediately but no later than on or before **November 10, 2021**.

<u>**Further action is required by you**</u>

 **You must:**

- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court**
- **Print two copies of the Ex Parte Orders (if applicable)**
- **Make two packets for each defendant for service.  Each packet should contain:**
    - **One Summons**
    - **One Notice to Defendant**
    - **One Complaint filed with the Court**
    - **One Ex Parte Orders (if applicable)**
- **Mail or hand deliver the packets to the Sheriff's Department where the Defendant resides for service.**

**Sheriff Departments in New Hampshire:**

| | |
|---|---|
| Belknap County Sheriff's Department: | Hillsborough County Sheriff's Department: |
| Carroll County Sheriff's Department: | Merrimack County Sheriff's Department: |
| Cheshire County Sheriff's Department: | Rockingham County Sheriff's Department: |
| Coos County Sheriff's Department: | Strafford County Sheriff's Department: |
| Grafton County Sheriff's Department: | Sullivan County Sheriff's Department: |

**\*If one or more of the parties resides out of state, please click here for the requirements\***

**Service must be made upon the defendant immediately.**  If the Sheriff is unable to complete service by **November 10, 2021**, you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You must electronically file the 'Return of Service' form with the court by **November 10, 2021**.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

**\*Please note: The hearing date is November 18, 2021.  This is the only notice you will receive\***

# Important Service Information for Sheriff

## <u>Do not file this with the court</u>
Provide this information to the appropriate Sheriff's Office.
See Instructions to Plaintiff for more information.

### PLEASE PRINT CLEARLY

Date: _____        Case #: _____

### <u>Who are you requesting to be served?</u>
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____        APT #: _____

_____

Home phone #: _____        Cell phone #: _____

Sex: ☐ Male   ☐ Female        Race: _____

Last 4 digits of SS#: xxx-xx-  ____  ____  ____  ____        D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

### <u>Your Information:</u>
Name (please print): _____

Residential address:        Mailing address:

_____        _____

_____        _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

Fees Paid: $_____   Cash #: _____   Check#: _____
Id#: _____  Waiver: _____  Money Order#: _____   Credit Card: _____
Sheriff File # _____   Authorization #: _____

<u>Instructions for filing the Return of Service</u>:

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: <u>www.courts.state.nh.us</u>, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case".  Enter 215-2021-CV-00252 and click Next.

2. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3. Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.

**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**

<u>October 09, 2021</u>                                   <u>David P. Carlson</u>
Date                                                     Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to <u>https://odypa.nhecourt.us/portal</u> and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Grafton Superior Court
3785 Dartmouth College Highway
North Haverhill NH 03774

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name: **John Doe v Town of Lisbon**
Case Number: **215-2021-CV-00252**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Grafton Superior Court.** Review the Complaint to see the basis for the claim.

Each Defendant is required to electronically file an Appearance with the court by **November 16, 2021**. In addition, you are required to file an Answer or responsive pleading 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.
1. Complete the registration/log in process. Click Register and follow the prompts.
2. After you register, click Start Now. Select **Grafton Superior Court** as the location.
3. Select "I am filing into an existing case". Enter **215-2021-CV-00252** and click Next.
4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.
5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court
orders electronically to the email address you provide.

A person who is filing or defending against a Civil Action will want to be familiar with the Rules of the Superior Court. This information is also available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the Complaint, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

NHJB-2711-Se (07/01/2018)

Filed
File Date: 9/2/2021 2:49 PM
Grafton Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

GRAFTON, SS
SUPERIOR COURT
DOCKET NO. 215-2021-CV-00252

**JOHN DOE[1],**
**Plaintiff,**

v.

**TOWN OF LISBON,**
**Defendant.**

## COMPLAINT and
## JURY DEMAND

NOW COMES the Plaintiff, JOHN DOE ("Doe"), and respectfully petitions the Court pursuant to Part 1 Article 15 of The New Hampshire Constitution and the Fourteenth Amendment of the United States Constitution, and other applicable law, to order and compel the Defendant the Town of Lisbon to withdraw its EES Notification to the New Hampshire Department of Justice, to remove and/or cause the removal of plaintiff Doe from the so-called Exculpatory Evidence Schedule (also known as the "Laurie List"), and overturn the disciplinary finding which resulted in Doe's placement on the EES, as it was accomplished upon unsubstantiated allegations, without appropriate notice and hearing, and without appropriate due process afforded to Plaintiff Doe.  The plaintiff Doe requests a jury trial on all counts so triable.

In support of this petition, Plaintiff Doe states as follows:

## PARTIES

1.    The Plaintiff, John Doe ("Doe"), is a natural person and a New Hampshire resident with a residential address in Grafton County, and a mailing address through counsel at Cooper Cargill Chant, P.A., 2935 White Mountain Highway, North Conway, NH 03860.

---

[1] John Doe is a pseudonym.

2.      The Defendant, Town of Lisbon (the "Town"), is a municipal corporation with a principal place of business and mailing address of 46 School St, Lisbon, New Hampshire 03585.

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over the parties and subject matter jurisdiction pursuant to RSA 491:7 and 498:12.

4.      Venue is appropriate in Grafton County as the plaintiff and defendant are located in Grafton County.

## FACTUAL BACKGROUND

5.      On or about March 30, 2009, the Plaintiff Doe was hired by the Town of Lisbon as a full-time Police Patrolman.

### Past Issues

6.      Officer Doe's issues with the Department began when Officer Doe requested reimbursement for his ballistic vest, which the Department refused in 2011.

7.      When Officer Doe's ballistic vest was at the end of its operational life in 2016, Officer Doe again asked for a ballistic vest at Town expense, which again was refused despite purchases for other officers (including the Chief). When Officer Doe complained about the vest issue, he was disciplined.

8.      Officer Doe only received a new ballistic vest after retaining counsel, and making demand through counsel.

### Current Issue

9.      Generally, RSA 106-L:6, VII and IX requires police officers to pass a fitness test every three (3) years.

10. Standard operating procedure, practice, and custom, allowed police officers in the Town of Lisbon (and elsewhere in New Hampshire) to perform their fitness test with nearby police departments to allow better availability.

11. Accordingly, on October 15, 2020, Officer Doe conducted his fitness test with the Chief of the Bethlehem Police Department.

12. Officer Doe passed his fitness test, and submitted the form signed by the Bethlehem PD Chief to the State of New Hampshire Police Standards and Training Council ("Council").

13. On October 21, 2020, the Council sent officer Doe a letter verifying receipt, compliance with the requirements, and noting that Officer Doe would next need to test in 2023. This letter was carbon copied to Chief Benjamin Bailey of the Lisbon Police Department.

14. In response, Chief Bailey contacted the Council and invalidated Officer Doe's passing test, despite the procedure, practice, and custom allowing an off-site test.

15. On or about December 4, 2020, Plaintiff Doe received both a Verbal Warning and a Written Warning for failure to perform a physical fitness test, despite Plaintiff Doe's prior passing fitness test with the Bethlehem Chief, and the procedure, practice, and custom allowing the same.

16. On the same day, Plaintiff Doe also received a warning about failing to turn off lights. On or about December 9, 2020, Plaintiff Doe received a letter from Chief Bailey stating he was being placed on Paid Administrative Leave pending an "internal investigation."

17. Plaintiff Doe fully cooperated with the internal investigation.

18. On or about December 14, 2020, Plaintiff Doe received a letter from the Council indicating that his approval was withdrawn and he needed to perform another physical fitness test, upon information and belief because of the actions of Chief Bailey.

19.     On December 22, 2020, Plaintiff Doe was interviewed.

20.     On or about January 5, 2021, Plaintiff Doe received a letter from Chief Bailey indicating

        that he was recommending disciplinary action to the Board of Selectmen, up to and

        including termination.

21.     The same day, Plaintiff Doe received a notification that his certification as a police

        officer was being suspended.

22.     On January 11, 2021, Plaintiff Doe met with the Selectmen in non-public session.

23.     On or about January 14, 2021 the Plaintiff Doe was terminated as a police officer, and

        received a letter of termination from the Town of Lisbon.

24.     On the same day, Chief Bailey sent a letter to the Criminal Justice Bureau of the New

        Hampshire Department of Justice, titled "**EES NOTIFICATION**", and indicating that a

        "determination has been made that [Plaintiff Doe] has engaged in conduct that may be

        subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *State v.

        Laurie*, 139 N.H. 325 (1995)." (the "EES Notification").

25.     Subsequent to his termination and the EES Notification, Doe learned that the Town had

        conducted an Internal Administrative Investigation ("IAI"), issued an IAI Report, and

        had based its decision to terminate DOE and issue the EES Notification was made on the

        basis of the IAI.

26.     At no time prior to his termination or the issuance of the EES Notification had Doe been

        informed of the IAI, or provided a copy of the IAI Report which formed the basis for his

        termination and the EES Notification.

27.     Upon information and belief, the NHDOJ maintains a statewide so-called EES or

        Exculpatory Evidence Schedule, formerly known as the "Laurie List", which consists of a

spreadsheet of police officers regarding whom such EES Notifications have been issued.

28. EES notification, and placement and maintenance of a police officer upon the EES, each have a substantially detrimental effect on the career and livelihood of any such police officer, whether such placement was warranted or not, including without limitation additional difficulties in obtaining a job in law enforcement.

29. Chief Bailey's EES Notification, and placement and maintenance of Plaintiff Doe upon the EES each have, and is likely to have in the future, a substantially detrimental effect on Plaintiff Doe's career and livelihood, including without limitation additional difficulties in obtaining a job in law enforcement.

30. At no time prior to the EES Notification had Plaintiff Doe been notified that any investigation, his interview, or his meeting with the Board of Selectmen, could potentially result in an EES Notification or his inclusion on the EES.

31. Plaintiff Doe was not given or offered any opportunity to appeal such a finding prior to the EES Notification being sent to NHDOJ.

32. Plaintiff Doe was not given the opportunity to assess or question his accusers, which testimony formed the basis of the determination underlying the EES Notification.

33. Plaintiff Doe asserts that the basis for the EES Notification was not based upon fact, and therefore is unfounded and cannot be sustained.

34. Moreover, Plaintiff Doe asserts that if he was given the opportunity to question witnesses and appeal, the basis for the EES Notification would not be sustained.

35. Plaintiff Doe further asserts that even if even if the findings underlying the EES Notification were sustained, the actions alleged are not sufficient for an EES Notification or inclusion on the EES.

36. Plaintiff Doe asserts that the EES Notification was accomplished not based upon fact but because of the personal bias of the Chief against Plaintiff Doe, and in retaliation for complaints that he has made in the past.

37. The Plaintiff Doe's ability to secure future employment in the law enforcement field has been severely hindered by his addition to the EES, will cause undue damage to his reputation, and is in direct violation of his constitutional civil rights, including without limitation his substantive and procedural due process rights.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF PROCEDURAL DUE PROCESS

38. The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

39. The actions of the Town of Lisbon and its Chief of Police and each of them, including without limitation the EES Notification with intent that Plaintiff Doe be placed on the EES a/k/a Laurie List, without notice, without a hearing where Plaintiff Doe knew in advance that EES Notification was a potential outcome, without a decision by a neutral decisionmaker, and without any ability to appeal, were a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

40. Alternatively and/or in addition, the rules, regulations, policies, procedures, customs, and/or usage of the defendant(s) which allowed or directed the EES Notification under these circumstances were and are a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United

States Constitution, and the New Hampshire Constitution.

41. As a direct and proximate result of such violations, the Plaintiff Doe has been caused to and continues to suffer damages.

42. Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42 generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief, including without limitation withdrawal of the EES Notification and removal from the EES.

<u>COUNT II</u>
<u>VIOLATION OF SUBSTANTIVE DUE PROCESS</u>

43. The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

44. The actions of the Town of Lisbon and its Chief of Police and each of them, including without limitation the EES Notification with intent that Plaintiff Doe be placed on the EES a/k/a Laurie List, was a violation of the Plaintiff Doe's substantive due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution, namely plaintiff Doe's right to work.

45. Alternatively and/or in addition, the rules, regulations, policies, procedures, customs, and/or usage of the defendant(s) which allowed or directed the EES Notification under these circumstances were and are a violation of the Plaintiff Doe's procedural due process rights afforded to him by the Fifth and Fourteenth Amendments to the United States Constitution, and the New Hampshire Constitution.

46. As a direct and proximate result of such violations, the Plaintiff Doe has been caused to and continues to suffer damages.

7

47.  Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, the New Hampshire Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1983, and Title 42 generally, the Plaintiff Doe is entitled to damages, attorneys' fees, and injunctive relief, including without limitation withdrawal of the EES Notification and removal from the EES.

### COUNT III
### LIBEL, SLANDER, AND DAMAGE TO REPUTATION

48.  The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if fully set forth herein.

49.  The basis for the EES Notification and the statements within the EES Notification made by the defendant, are, and were, untrue statements about Plaintiff, purporting to be fact.

50.  The EES Notification was a publication of such untrue, libelous, and defamatory statement.

51.  Such untrue, libelous, and defamatory statements have caused and are continuing to cause injury and damage to the plaintiff and his reputation.

52.  The Town and Chief knew or should have known that the EES Notification and the statements within the EES Notification were untrue, and would cause the plaintiff harm, at the time such statements were made.

53.  At all times relevant, the Town employed the Chief, and is vicariously liable for his actions as outlined herein.

54.  The plaintiff is entitled to an award of damages against the Town in the amount of his damages suffered as a result of the untrue, libelous, and slanderous statements.

## COUNT III
## ATTORNEY'S FEES

55.     The Plaintiff repeats and realleges the facts set forth in the previous Paragraphs as if
fully set forth herein.

56.     The violations of the Defendant herein are clear and unmitigated.

57.     Accordingly, the Plaintiff was forced to file this lawsuit to establish, protect, and secure
his clearly defined and established rights.

58.     The Plaintiff is entitled to an award of the attorneys' fees and costs expended to this
matter.

## **DEMAND FOR JURY TRIAL**

The Plaintiff respectfully request a trial by jury on all counts and issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order and
judgment:

A.      Compelling the defendant to withdraw its EES Notification;

B.      Declaring and compelling that the Plaintiff Doe be removed from the EES a/k/a
Laurie List;

C.      Granting a preliminary and permanent injunction compelling the defendant to
withdraw its EES Notification and remove Doe from the EES a/k/a Laurie List;

D.      Enter an award to the Plaintiff of his damages;

E.      Enter an award to the Plaintiff of his reasonable attorneys' fees and other costs; and

F.      Grant such further relief as is just and equitable.

9

Respectfully submitted,

**PLAINTIFF,**
JOHN DOE,
By His Attorneys,

COOPER CARGILL CHANT, P.A.

/s/ Christopher T. Meier

Dated:  September 2, 2021

_____

Christopher T. Meier, Bar ID # 17136
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel:     (603) 356-5439
Fax:     (603) 356-7975
Email: cmeier@coopercargillchant.com

Y:\CLIENT FILES\19564 - ███████001 v. Town of Lisbon\Pleadings\2021.09.02 Complaint-REDACTED.docx

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Doe[1],

      Plaintiff,

      v.                                        Civil Action No. 1:21-cv-_____

Town of Lisbon,

      Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL TO PLAINTIFF'S COUNSEL

TO:    Christopher Meier, Esq.
       Cooper, Cargill, Chant, P.A.
       2935 White Mountain Highway
       North Conway, NH 03860

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant Town of Lisbon, by and through its attorneys, Jackson Lewis P.C. and Mitchell Municipal Group, P.A., have this day filed in the Clerk's Office of the United States District Court for the District of New Hampshire, Concord, New Hampshire, a Notice of Removal of this case, as shown by copy attached, and in accordance with the above statute, the State Court proceedings should proceed no further herein, unless and until the case is remanded.

[signatures on following page]

---

[1] John Doe is a pseudonym.

Respectfully submitted,
TOWN OF LISBON,

By its attorneys,
JACKSON LEWIS P.C.

Dated: November 15, 2021  By: /s/ Debra Weiss Ford_____
             Debra Weiss Ford, NHBA #2687
             Samuel Martin, NHBA #272195
             Jackson Lewis P.C.
             100 International Drive, Suite 363
             Portsmouth, New Hampshire 03801
             603-559-2700
             Debra.ford@jacksonlewis.com
             Samuel.martin@jacksonlewis.com

             AND

Dated: November 15, 2021     MITCHELL MUNICIPAL GROUP, P.A.,

             /s/ Naomi N. Butterfield_____
             Naomi N. Butterfield, NHBA #18079
             25 Beacon St. E Suite 2
             Laconia, New Hampshire 03246
             (603) 524-3885
             naomi@mitchellmunigroup.com

STATE OF NEW HAMPSHIRE

GRAFTON, SS                                                      SUPERIOR COURT

215-2021-cv-00252

John Doe[1]

Plaintiff,

v.

Town of Lisbon,

Defendant

**NOTICE OF FILING OF NOTICE OF REMOVAL**

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant Town

of Lisbon, by its attorneys, Jackson Lewis P.C. and Mitchell Municipal Group, P.A., have this

day filed in the Clerk's Office of the United States District Court for the District of New

Hampshire, Concord, New Hampshire, a Notice of Removal of this case, as shown by copy

attached, and in accordance with the above statute, the State Court proceedings should proceed

no further herein, unless and until the case is remanded.

[signatures on following page]

---

[1] John Doe is a pseudonym.

Respectfully submitted,
Town of Lisbon,

By its attorneys,
JACKSON LEWIS P.C.

Dated: November 15, 2021  By: /s/ Debra Weiss Ford
            Debra Weiss Ford, NHBA #2687
            Samuel Martin, NHBA #272195
            Jackson Lewis P.C.
            100 International Drive, Suite 363
            Portsmouth, New Hampshire 03801
            603-559-2700
            Debra.ford@jacksonlewis.com
            Samuel.martin@jacksonlewis.com

            AND

            MITCHELL MUNICIPAL GROUP P.A,

Dated: November 15, 2021  By: /s/ Naomi N. Butterfield
            Naomi N. Butterfield, NHBA #18079
            25 Beacon St. E Ste 2
            Laconia, NH 03246
            (603) 524-3885
            naomi@mitchellmunigroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I provided a true and exact copy of this pleading to Christopher Meier, Plaintiff's counsel of record, via electronic mail and via the Court's ECF system.

Dated: November 15, 2021      /s/ Debra Weiss Ford
              Debra Weiss Ford

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
John Doe

**DEFENDANTS**
Town of Lisbon

**(b)** County of Residence of First Listed Plaintiff    Grafton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Grafton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher Meier, Cooper, Cargill, Chant, P.A., 2935 White Mountain Highway, North Conway, NH 03860; 603.356.5439

Attorneys *(If Known)*
Debra Weiss Ford and Samuel Martin, Jackson Lewis, P.C., 100 International Drive, Suite 363, Portsmouth, NH 03801; 603.559.2700; Naomi N. Butterfield, Mitchell Municipal Group, 25 Beacon St. Ste. 2, Laconia, NH 03246, 603-524-3885

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❏ 1   U.S. Government<br>      Plaintiff | ✖ 3   Federal Question<br>      *(U.S. Government Not a Party)* |
| ❏ 2   U.S. Government<br>      Defendant | ❏ 4   Diversity<br>      *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a<br>Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - |      of Property 21 USC 881 | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product |      Product Liability | ❏ 690 Other |      28 USC 157 |      3729(a)) |
| ❏ 140 Negotiable Instrument |      Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & |      Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
|      & Enforcement of Judgment |      Slander |      Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' |      Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted |      Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
|      Student Loans | ❏ 340 Marine |      Injury Product | |      New Drug Application | ❏ 470 Racketeer Influenced and |
|      (Excludes Veterans) | ❏ 345 Marine Product |      Liability | | ❏ 840 Trademark |      Corrupt Organizations |
| ❏ 153 Recovery of Overpayment |      Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
|      of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) |      (15 USC 1681 or 1692) |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending |      Act | ❏ 862 Black Lung (923) | ❏ 485 Telephone Consumer |
| ❏ 190 Other Contract |      Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) |      Protection Act |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal |      Property Damage |      Relations | ❏ 864 SSID Title XVI | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise |      Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 850 Securities/Commodities/ |
| | ❏ 362 Personal Injury - |      Product Liability | ❏ 751 Family and Medical | |      Exchange |
| |      Medical Malpractice | |      Leave Act | | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ✖ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee |      Income Security Act |      or Defendant) | ❏ 895 Freedom of Information |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party |      Act |
| ❏ 240 Torts to Land | ❏ 443 Housing/ |      Sentence | |      26 USC 7609 | ❏ 896 Arbitration |
| ❏ 245 Tort Product Liability |      Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | |      Act/Review or Appeal of |
| |      Employment | **Other:** | ❏ 462 Naturalization Application | |      Agency Decision |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | ❏ 950 Constitutionality of |
| |      Other | ❏ 550 Civil Rights |      Actions | |      State Statutes |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | |      Conditions of | | | |
| | |      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1 Original Proceeding    ✖ 2 Removed from State Court    ❏ 3 Remanded from Appellate Court    ❏ 4 Reinstated or Reopened    ❏ 5 Transferred from Another District *(specify)*    ❏ 6 Multidistrict Litigation - Transfer    ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983; Fifth and Fourteenth Amendments to the U.S. Constitution, Title 42 of U.S. Code generally
Brief description of cause:
Alleged violation of due process under US Constitution and federal law related to termination as a police officer

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $      CHECK YES only if demanded in complaint:
JURY DEMAND:   ✖ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   11/15/2021      SIGNATURE OF ATTORNEY OF RECORD   /s/Debra Weiss Ford

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse  (Rev. 09/19)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.