UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE,<br>Plaintiff, | )<br>)<br>) |
| v. | ) No. 1:21-cv-00944-JL |
| | ) |
| TOWN OF LISBON and NEW<br>HAMPSHIRE DEPARTMENT<br>OF JUSTICE<br>Defendants. | )<br>)<br>)<br>)<br>) |

## PLAINTIFF'S OBJECTION TO NHDOJ'S MOTION TO DISMISS

NOW COMES the Plaintiff, John Doe, by and through his counsel, Cooper Cargill Chant, P.A., and hereby OBJECTS to Defendant New Hampshire Department of Justice's Motion to Dismiss the above-captioned matter, asserting that the Eleventh Amendment bars their claims.

In brief, the plaintiff argues: (1) in adopting RSA 105:13-d, the State of New Hampshire waived its Eleventh Amendment immunity by requiring that the New Hampshire Department of Justice be made a party to *any* action brought pursuant to RSA 105:13-d; and (2) alternatively, if this Court lacks subject matter jurisdiction, this case should be either be remanded to the Grafton Superior Court, instead of dismissal, or dismissed without prejudice, in favor of a substantially identical case, Doe v. Town of Lisbon et ux, No. 1:22-cv-00043-SE. Plaintiff further states as follows:

COMPLAINT and FACTS

1. Plaintiff has alleged, in brief, that Defendant Town of Lisbon ("Town") improperly caused him to be listed on the Exculpatory Evidence Schedule ("EES"), generally a list of police officers found to have a credibility issue. Amended Complaint, at ¶¶ 12-40.

2.     The EES is maintained by the New Hampshire Department of Justice ("NHDOJ"). <u>Amended Complaint</u>, at ¶¶ 30.

3.     Plaintiff generally seeks removal from the EES, which relief is sought against the Town and NHDOJ pursuant to RSA 105:13-d. <u>Amended Complaint</u>, passim.

4.     Moreover, Plaintiff has alleged that the Defendants Town of Lisbon and NHDOJ violated his substantive and procedural due process rights by, among other things, placing his name on the EES. <u>Amended Complaint</u>, at ¶¶ 41-58.

5.     Plaintiff further seeks damages and attorneys' fees as against the Town for such actions.

PROCEDURAL HISTORY

6.     This action was originally filed in state court (New Hampshire Superior Court) on September 2, 2021, as against the Town of Lisbon only. Document 1-6.

7.     Thereafter, on or about September 24, 2021, Section 2 of 2021 New Hampshire HB 471, codified at RSA 105:13-d, took effect, requiring in relevant part that the NHDOJ be named a party in any matter seeking an order finding that alleged underlying misconduct is not "potentially exculpatory."

8.     On or about November 15, 2021, the Town removed the Action to this Court. Document 1.

9.     On December 10, 2021, the plaintiff added NHDOJ as a party defendant to this action pursuant to RSA 105:13-d, as the plaintiff seeks an order finding that alleged underlying misconduct is not "potentially exculpatory." See RSA 105:13-d.

10.     This motion to dismiss was filed on January 10, 2022.

11.     On January 19, 2022, the plaintiff filed a substantially identical action in State Court (the "Second Action"), including NHDOJ in the first instance, in part to avoid any procedural

defects relative to RSA 105:13-d taking effect after this action was originated in state court.

12. On February 3, 2022, the Town removed the Second Action to this Court. See <u>Doe v. Town of Lisbon et ux</u>, No. 1:22-cv-00043-SE.

## STANDARD OF REVIEW

13. The New Hampshire Department of Justice ("NHDOJ") essentially raises two distinct theories in favor of dismissal: (1) that this court lacks subject jurisdiction over Plaintiff's claims against NHDOJ (Motion to Dismiss, ¶¶ 16, 25, 30); and (2) that 42 U.S.C. § 1983 is not applicable to agencies such as NHDOJ (Motion to Dismiss, ¶ 22).[1] The jurisdictional argument applies to all claims against NHDOJ.

14. Motions to dismiss based on lack of subject matter jurisdiction are made pursuant to Rule 12(b)(1). In deciding a motion to dismiss on this ground, the court "accept [ ] the well-pleaded factual allegations of the plaintiff's complaint and indulge[ ] all reasonable inferences in the plaintiff's favor." *Bernardo ex rel. M & K Eng'g, Inc. v. Johnson*, 814 F.3d 481, 483 (1st Cir. 2016) (quoting *Dominion Energy Brayton Point, LLC v. Johnson*, 443 F.3d 12, 16 (1st Cir.2006). "[T]he burden of establishing jurisdiction must fall to the party who asserts it." *Woo v. Spackman*, 988 F.3d 47, 53 (1st Cir. 2021).

15. Although a motion for remand on other grounds must be made within thirty days of the notice of removal, a federal district court "*shall*" remand a case "[i]f *at any time before*

---

[1] Plaintiff's decision not to address NHDOJ's argument is not intended as a waiver, merely a concession to the court for the sake of judicial economy. If, as NHDOJ argues, this Court lacks subject matter jurisdiction to hear any of Plaintiff's claims against NHDOJ, clearly the Court cannot reach the issue of whether § 1983 is applicable.

3

*final judgment* it appears that the district court lacks subject matter jurisdiction". (Emphasis added.) 28 U.S. Code § 1447(c).

## ARGUMENT

### I. Subject Matter Jurisdiction

16. NHDOJ argues that the Eleventh Amendment to the United States Constitution deprives this Court of subject matter jurisdiction as to every claim raised against NHDOJ in Plaintiff's complaint. NHDOJ also argues that declaratory relief and mandamus are unavailable, but those arguments are merely reiterations of the argument that this Court lacks subject matter jurisdiction. See Motion to Dismiss, ¶¶ 25, 30.

17. The Eleventh Amendment proscribes "suit[s] in federal court in which a state or one of its agencies or departments is named as defendant", but only if the State has not consented to the suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A state may waive its immunity, either case-by-case or "by statute or the like". *Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth.*, 991 F.2d 935, 938 (1st Cir. 1993).

18. Federal courts will only hold that a state has waived immunity by statute if the text of the statute "leave[s] no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

19. As recently enacted, RSA 105:13-d requires that NHDOJ be named as a party in "[a]ny claim seeking an order finding that the underlying misconduct is not potentially

4

exculpatory." Notably, the statute does not differentiate between claims brought in, or subsequently removed to, federal or state court.

20. Because RSA 105:13-d specifically directs that a plaintiff file claims as against NHDOJ, the statute must be read to waive sovereign immunity in cases filed pursuant to RSA 105:13-d – it is directly a Legislative consent to be sued in these circumstances, and therefore effects a waiver.  See *Sossamon v. Texas*, 563 U.S. 277, 285 (2011); *John H. v. Brunelle*, 127 N.H. 40, 43 (1985).

21. Moreover, nowhere in the text of RSA 105:13-d does the Legislature specify the form of relief plaintiff must or should use to obtain relief pursuant to RSA 105:13-d.  While presumably the relief obtainable against the NHDOJ, as an arm of the State, is limited to that provided by the state statute – i.e. a plaintiff's removal from the EES – the statute must be interpreted to waive immunity with respect to causes of action that seek that relief, including alternative forms of relief such as pled by the plaintiff here.  See RSA 105:13-d.  Id.

22. Finally, where immunity would apply in both Federal and state forums, any alternative interpretation of RSA 105:13-d that did not waive immunity, but still required NHDOJ be added as a party, would effectively serve as a bar to *all* federal claims that stem from the same underlying transactions that led to an officer being improperly placed on the EES. Any law enforcement officer who has both a viable § 1983 against a superior officer who fabricated claims of misconduct *and* a viable claim that he does not belong on the EES because the underlying conduct was not exculpatory would have to chose one claim or the other or risk NHDOJ filing this very motion.

23. Moreover, the EES covers "exculpatory evidence that must be disclosed to the defendant under the State and *Federal* Constitutions," as opposed to other discoverable information in personnel files. (Emphasis added.) *Duchesne v. Hillsborough Cty. Att'y*, 167 N.H. 774, 781, 119 A.3d 188, 195 (2015).

24. Because section 105:13-d can only reasonably be read to waive sovereign immunity in all cases where a plaintiff seeks an order challenging whether the underlying conduct in the EES is exculpatory, this Court should deny NHDOJ's motion to dismiss for lack of subject matter jurisdiction.

## II.     Remand to Grafton Superior Court or Dismissal without Prejudice

25. Alternatively, if the Eleventh Amendment does, in fact, deprive this Court of subject matter jurisdiction, the proper remedy is not dismissal but remand to the Grafton Superior Court.

26. Although a motion for remand on other grounds must be made within thirty days of the notice of removal, a federal district court "shall" remand a case "[i]f *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction". (Emphasis added.) 28 U.S. Code § 1447(c). See, also, *Langford v. Gates*, 610 F. Supp. 120, 122-23 (D.C.Cal.1985) (lack of standing is a jurisdictional defect, and "the proper course is remand not dismissal").

27. The language of § 1447(c) is mandatory, and the district court has "no discretion to dismiss rather than remand an action" where it lacks subject matter jurisdiction. *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Hum. Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989).

28. Even if the district court had such discretion, dismissal would only be appropriate where the court can "say with absolute certainty that remand would prove futile." *Id.* NHDOJ has made no argument that remand would be futile. In fact, the primary gist of NHDOJ's motion is that the Grafton Superior Court—rather than this Court—is the proper forum for this action.

29. Assuming, without conceding, that this court lacks subject matter jurisdiction to hear any of the claims against NHDOJ, this Court should remand the case to the Grafton Superior Court.

30. Alternatively, because plaintiff has now filed the Second Action, the more efficient action would likely be a dismissal of this action <u>without prejudice</u>, for disposition of these claims in the Second Action with a cleaner procedural course that does not include the intervening effective date of the central statute, RSA 105:13-d.

31. A memorandum is unnecessary as the relevant facts and citations of law are included in this Objection.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

1. Deny Defendant New Hampshire Department of Justice's Motion to Dismiss; or, alternatively,

2. Remand this case to the Grafton Superior Court pursuant to 28 U.S. Code § 1447(c); or alternatively

3. Dismiss this Action without prejudice; and

4. Grant such further relief as is deemed appropriate.

Respectfully submitted,

**PLAINTIFF,**
JOHN DOE,
By His Attorneys,

COOPER CARGILL CHANT, P.A.

Dated: 02/03/2022  /s/ Christopher T. Meier

Christopher T. Meier, Bar ID # 17136
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel: (603) 356-5439
Fax: (603) 356-7975
Email: cmeier@coopercargillchant.com

## CERTIFICATE OF SERVICE

I, Christopher T. Meier, hereby certify that on the date shown, I delivered the foregoing document to all parties and counsel of record by e-file.

Dated: 02/03/2022  /s/ Christopher T. Meier

Christopher T. Meier, Bar ID # 17135