## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00944-JL |
| | ) | |
| **TOWN OF LISBON and NEW** | ) | |
| **HAMPSHIRE DEPARTMENT** | ) | |
| **OF JUSTICE** | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE

NOW COMES the Plaintiff, John Doe, by and through his counsel, Cooper Cargill Chant, P.A., and hereby moves pursuant to Fed. R. Civ. P. 41(a)(2) for the voluntary dismissal of this matter without prejudice. In brief, plaintiff seeks to dismiss this action without prejudice in favor of continuing with a substantially similar second case, now also removed to this Court and pending as John Doe v. Town of Lisbon et al, 1-22-cv-043-SM.

Plaintiff further states as follows:

### COMPLAINT and FACTS

1.    Plaintiff's complaint alleges, in brief, that Defendant Town of Lisbon ("Town") improperly caused him to be listed on the Exculpatory Evidence Schedule ("EES"), generally a list of police officers found to have a credibility issue. Amended Complaint, at ¶¶ 12-40.

2.    The EES is maintained by the New Hampshire Department of Justice ("NHDOJ"). Amended Complaint, at ¶¶ 30.

3.    Plaintiff generally seeks removal from the EES, which relief is sought against the Town and NHDOJ, pursuant to N.H. RSA 105:13-d. Amended Complaint, passim.

4.   Moreover, Plaintiff has alleged that the Defendants Town of Lisbon and NHDOJ violated

his substantive and procedural due process rights by, among other things, placing his

name on the EES.   Amended Complaint, at ¶¶ 41-58.

5.   Plaintiff further seeks damages and attorneys' fees as against the Town for such actions.

PROCEDURAL HISTORY

6.   This action was originally filed in state court (New Hampshire Superior Court) on

September 2, 2021, as against the Town of Lisbon only.  Document 1-6.

7.   Thereafter, on or about September 24, 2021, Section 2 of 2021 New Hampshire HB 471,

codified at RSA 105:13-d, took effect, requiring in relevant part that the NHDOJ be

named a party in any matter seeking removal from the EES, for the reason that the

alleged underlying misconduct is not "potentially exculpatory."

8.   On or about November 15, 2021, the Town removed the Action to this Court.  Document

1.

9.   On December 10, 2021, the plaintiff added NHDOJ as a party defendant to this action

pursuant to RSA 105:13-d, as the plaintiff seeks an order finding that alleged underlying

misconduct is not "potentially exculpatory."  See RSA 105:13-d.

10.   On January 19, 2022, the plaintiff filed a substantially identical action in State Court (the

"Second Action"), including NHDOJ in the first instance, in part to avoid any procedural

defects relative to RSA 105:13-d taking effect after this action was originated in state

court.

11.   On February 3, 2022, the Town removed the Second Action to this Court.  See Doe v.

Town of Lisbon et al, No. 1:22-cv-00043-SE.

12.     The preliminary pre-trial conference in this matter is scheduled for February 10, 2021.

No discovery has yet been conducted in this matter.


LAW

13.     Fed. R. Civ. P. 41(a)(2) allows for a voluntary dismissal by court order, "on terms that

the court considers proper."  No counterclaim has been filed in this matter.  See id.  The

presumption is that the dismissal is without prejudice.

14.     The purpose of the rule is to "permit the plaintiff, with approval of the court … [to]

voluntarily to dismiss an action as long as 'no other party will be prejudiced.'"  Doe v.

Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (internal citations omitted).

15.     "In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to 'the

defendant's effort and expense of preparation for trial, excessive delay and lack of

diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for

the need to take a dismissal, and the fact that a motion for summary judgment has been

filed by the defendant.'"  Id.

16.     As outlined above, this case has not yet entered into discovery – the preliminary pre-trial

conference is scheduled for tomorrow, February 10, 2022.  The procedural history

certainly does not reveal that defendant has yet expended effort and expense to prepare

for trial, that plaintiff has caused excessive delay or exhibited a lack of diligence, or that

defendant has filed a summary judgment motion.

17.     Moreover, the reason for dismissal is reasonably clear – a statute affecting the plaintiff's

claim took effect after the filing of the first case, which arguably requires NHDOJ be

included as a party in the first instance.  See RSA 105:13-d, II(c) ("Any claim seeking an

3

order finding that the underlying misconduct is not potentially exculpatory shall name the department of justice as a party.").  Resolving the question of whether the statute applies retroactively to a case filed before the effective date, and whether addition of NHDOJ as a party defendant after the original case satisfies that requirement, will expend substantial resources of the plaintiff, the defendants, and the Court – which resolution is unnecessary in the second action filed after the effective date.  The Amended Complaint filed in this action, and the complaint filed in the Second Action, are substantially identical.

18.    For all these reasons, dismissal of this action makes practical sense and promotes efficiency; and will not cause undue prejudice to any party.

19.    A memorandum is unnecessary as the relevant facts and citations of law are included in this Objection.

20.    The Town of Lisbon has indicated that it does not assent to the relief requested in this motion.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court dismiss this Action without prejudice; and grant such further relief as is deemed appropriate.

Respectfully submitted,
**PLAINTIFF,**
JOHN DOE,
By His Attorneys,

COOPER CARGILL CHANT, P.A.

Dated:  02/09/2022
_____

/s/ Christopher T. Meier
_____

Christopher T. Meier, Bar ID # 17136
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel:    (603) 356-5439
Fax:    (603) 356-7975
Email: cmeier@coopercargillchant.com

4

## <u>CERTIFICATE OF SERVICE</u>

       I, Christopher T. Meier, hereby certify that on the date shown, I delivered the foregoing document to all parties and counsel of record by e-file.


Dated:    02/09/2022                  /s/ Christopher T. Meier

                                                Christopher T. Meier, Bar ID # 17135