UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

```
*******************************
John Doe,                     *
       Plaintiff,             *
v.                            *
                              *   Case No. 1:21-CV-00944-JL
                              *
Town of Lisbon and New Hampshire *
Department of Justice,        *
       Defendants.            *
                              *
*******************************
```

## NEW HAMPSHIRE DEPARTMENT OF JUSTICE'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

Defendant New Hampshire Department of Justice, by and through the New Hampshire Office of the Attorney General, hereby replies to Plaintiff's Objection to Defendant's Motion to Dismiss. As set forth below, the New Hampshire legislature did not waive the State of New Hampshire's Eleventh Amendment immunity from suits filed in federal courts when it enacted RSA 105:13-d.

1.      Under the Eleventh Amendment, a state is immune from suits brought in federal court by its own citizens or the citizens of other states. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (internal citations omitted). While a state can waive Eleventh Amendment immunity through legislation, such a waiver shall only be given effect "where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990).

2.      A state may waive its immunity from suit in its own courts without waiving Eleventh Amendment immunity from suit in federal court. *Smith v. Reeves*, 178 U.S. 436, 440-41

1

(1900); *Great Northern Life. Ins. Co. v. Read*, 322 U.S. 47, 53-56 (1944). Indeed, a waiver of sovereign immunity will only be applicable to suits in state courts unless the waiver "specif[ies] the State's intention to subject itself to suit in federal court." *Port Auth. Trans-Hudson Corp.*, 495 U.S. at 305 (citing *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985)). Ambiguous and general waivers of sovereign immunity, without a clear indication that a State intended to subject itself to suit in federal court, are insufficient to waive Eleventh Amendment immunity. *Id.* at 306.

3. The language of RSA 105:13-d allows individuals on the exculpatory evidence schedule to file suit in state *superior* court regarding their placement on the schedule. N.H. Rev. Stat. Ann. § 105:13-d, II(a). Further on, in the same section, the statute requires such a suit to name as a party the law enforcement agency that recommended the placement and, if any claims seek an order finding that the underlying misconduct is not potentially exculpatory, the department of justice. *Id.* § 105:13-d, II(c).

4. The statute does not expressly waive the state's Eleventh Amendment immunity in federal courts. The statute refers only to the state's superior courts. The requirement to name the Department of Justice in section II(c) refers to the suits in state superior court contemplated in section II(a).

5. The statute not only lacks express language waiving immunity in federal courts but specifically designates the state superior courts as the forum for such suits. The New Hampshire legislature accordingly did not waive the state's Eleventh Amendment immunity when it entacted RSA 105:13-d.

6. With respect to the Plaintiff's alternative argument, the Department of Justice reiterates its view that claims seeking removal from the exculpatory evidence schedule should

proceed in state superior court. The Department of Justice takes no position on the proper vehicle to effectuate that result, whether it be remand, severance, or dismissal without prejudice. The Department of Justice anticipates addressing this question with the Court at the February 10, 2022 preliminary pretrial conference.

                                                Respectfully Submitted,

                                                NEW HAMPSHIRE DEPARTMENT OF JUSTICE

                                                By its attorney,

                                                JOHN M. FORMELLA
                                                ATTORNEY GENERAL

Date: February 10, 2022                   /s/*Samuel Garland*
                                                Samuel R.V. Garland, Bar No. 266273
                                                Assistant Attorney General
                                                Amanda N. Palmeira, Bar No. 269464
                                                Assistant Attorney General
                                                Civil Bureau
                                                New Hampshire Department of Justice
                                                (603) 271-3650
                                                samuel.rv.garland@doj.nh.gov
                                                amanda.n.palmeira@doj.nh.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on all parties of record through the CM/ECF system

                                                /s/*Samuel Garland*
                                                Samuel R.V. Garland