UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Doe[1],

    Plaintiff,

    v.                                      Civil Action No. 1:21-cv-00944-JL

Town of Lisbon
and
New Hampshire Department of Justice,

    Defendants.

**DEFENDANT TOWN OF LISBON'S OBJECTION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE**

Defendant Town of Lisbon (the "Town"), by its attorneys, Jackson Lewis P.C. and Mitchell Municipal Group, P.A., objects to Plaintiff's Motion to Voluntarily Dismiss Without Prejudice his First Amended Complaint as follows:

**I.    ARGUMENT**

Plaintiff asks this Court to grant him voluntary dismissal under Rule 41 of a case first filed by him against the Town in Grafton County Superior Court on September 2, 2021. On November 15, 2021, the Town removed the first complaint to this Court on the basis of federal question jurisdiction arising from two counts in Plaintiff's complaint alleging violation of his civil rights under federal law. 42 U.S.C. § 1983. Since receiving service of process of the first complaint, the Town has defended that action in this Court, including answering a First Amended Complaint which, for the first time, raised claims in this case pursuant to RSA 105:13-

---

[1] John Doe is a pseudonym.

d and added the New Hampshire Department of Justice as a co-defendant.[2] By statute, Plaintiff had 30 days from the filing of the Town's Notice of Removal to file a motion to remand his first complaint for any reason except lack of subject matter jurisdiction. 28 U.S.C. § 1447. No such motion has been filed and the deadline to do so has now passed.

On February 1, 2022, counsel for Plaintiff first disclosed to Defendants that he had filed an essentially identical complaint to the First Amended Complaint in New Hampshire Superior Court (the "Second Complaint"). Plaintiff had filed this Second Complaint on January 19, 2022 but had not disclosed the existence of the Complaint between January 19 and February 1, despite the continuing obligation under Local Rule 42.1(b) to notify this Court of a related case. The Second Complaint is essentially identical to the first and continues to set forth claims for federal civil rights violations seeking money damages against the Town of Lisbon. As with the first, the Town removed the Second Complaint to this Court on the basis of federal question jurisdiction.[3]

Federal Rule of Civil Procedure 41 governs voluntary dismissal of the First Amended Complaint. Because the Town has answered the First Amended Complaint and does not assent to voluntary dismissal, the First Amended Complaint may be dismissed only by court order. Fed. R. Civ. P. 41(a)(2).

---

[2] The Supreme Court has held that, as with the First Amended Complaint, post-removal assertion of an Eleventh Amendment bar "does not destroy removal jurisdiction over the remaining claims in the case before [the court.]" *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998).

[3] The Town believes that Plaintiff's purpose in filing the Second Complaint, at least in part, was to evade this Court's removal jurisdiction by, this time in the first instance, joining the N.H. Department of Justice, which enjoys Eleventh Amendment immunity, on the presumption that DOJ would not or could not assent to removal. This fails to account for this Court's recognition that consent of an Eleventh Amendment immune party is unnecessary for a non-immune party to effectuate removal. *Baldi v. Brown*, 2007 DNH 48 2007 U.S. Dist. LEXIS 26329, *2-3 (D.N.H. Apr. 10, 2007) ("Because the State of New Hampshire, a party to this action, is not subject to the jurisdiction of this court by virtue of the immunity afforded it by the Eleventh Amendment to the United States Constitution, its consent is not necessary to properly effect removal."); *Whitted v. City of Manchester*, 1995 U.S. Dist. LEXIS 382, *4 (D.N.H. Jan. 10, 1995) ("[The] rule of unanimity, however, requires only the consent of those parties who would have been able independently to remove the claims against it. Accordingly, failure of the State of New Hampshire to consent to removal does not trigger remand in light of the Eleventh Amendment prohibition of a suit against the state in a federal court absent the state's consent.") (citation omitted).

### A. Plaintiff's Purpose in Seeking Dismissal is not Compelling.

"In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, *insufficient explanation for the need to take a dismissal*, and the fact that a motion for summary judgment has been filed by the defendant." *Doe v. Urohealth Sys.*, 216 F.3d 157, 160 (1st Cir. 2000) (emphasis added and citation and quotation omitted) (noting that "courts need not analyze each factor or limit their consideration to these factors.").

In his Motion, Plaintiff provides insufficient explanation for the need to obtain dismissal. Plaintiff asserts that he seeks voluntary dismissal to avoid "procedural defects relative to RSA 105:13-d taking effect after this action was originated in state court." Motion at ¶ 10. Plaintiff does not and has not explained what defect this is intended to address or how filing a duplicate complaint addresses such defect. Plaintiff appears to have timely amended his complaint to add his RSA 105:13-d claim in this Court. The Motion gives no indication as to the theory by which a procedural defect thereby arose which is corrected by filing a duplicate complaint in state court. Defendant should not be burdened to return to square one of this litigation and answer the Second Complaint on the basis of Plaintiff's unexplained reasoning for filing the Second Complaint.

### B. Defendant Would Suffer Legal Prejudice if the First Amended Complaint is Dismissed.

Courts will allow a plaintiff to voluntarily dismiss an action so long as "no other party will be prejudiced." *Urohealth* at 160; quoting *P.R. Maritime Shipping Auth. V. Leith*, 668 F.2d

46, 50 (1st Cir. 1981). Legal prejudice "means the loss of a material advantage the party would enjoy only if the pending action were to continue." *U.S. v. Thirty-Two Thousand Eight Hundred Twenty Dollars & Fifty-Six Cents in U.S. Currency*, 79 F.Supp.3d 927, 932 (N.D. Iowa 2015).

Here, the Town will be legally prejudiced by voluntary dismissal as it may again face the prospect of remand of the Second Complaint, as counsel for Plaintiff has alluded.[4] While the Town believes this Court is properly vested with jurisdiction over both of Plaintiff's complaints, it nonetheless is interested in avoiding the expense of litigating a motion for remand after the 30-day period has passed. At this stage, Plaintiff has missed his opportunity to seek remand of the First Amended Complaint, he remains within the 30-day period in which he may seek remand of the Second Complaint. Granting voluntary dismissal of the First Amended Complaint would give Plaintiff a second opportunity to seek remand of this matter. It is logical that this is the outcome Plaintiff seeks – it is otherwise meaningless to seek dismissal of the First Amended Complaint in favor of the Second Complaint, which do not differ in content or posture, only in time of filing.

Where, as here, the complaints are identical, Plaintiff should not obtain a second opportunity to seek remand of an identical complaint when he has failed to timely seek remand in the first instance within the 30-day period set by Congress. Allowing voluntary dismissal would prejudice the Town because it will jeopardize the properly vested federal jurisdiction over this case. So long as Plaintiff continues to seek relief against the Town under 42 U.S.C. § 1983, he should not be entitled to evade this Court's jurisdiction over federal claims through procedural maneuvering.

## II.     CONCLUSION

---

[4] At the preliminary Pre-trial Conference, counsel for Plaintiff indicated to the Court that he was considering bringing a motion for remand of the Second Complaint.

4

Because Plaintiff's explanation of his need to obtain voluntary dismissal is insufficient and granting the dismissal will prejudice the Town, the Court should deny Plaintiff's Motion for Voluntary Dismissal.

WHEREFORE, the Town of Lisbon respectfully requests that this Court grant the following relief:

    A.    To deny Plaintiff's Motion to Voluntarily Dismiss;

    B.    To grant the Town, its costs including reasonable attorneys' fees; and

    C.    To grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

TOWN OF LISBON,

By its attorneys,

JACKSON LEWIS P.C.

Dated: February 23, 2022    By:    /s/ Debra Weiss Ford_____
Debra Weiss Ford, NHBA #2687
Samuel Martin, NHBA #272195
100 International Drive, Suite 363
Portsmouth, NH 03801
603-559-2700
Debra.ford@jacksonlewis.com
Samuel.martin@jacksonlewis.com

AND

MITCHELL MUNICIPAL GROUP, P.A.,

Dated: February 23, 2022    By:    /s/ Naomi N. Butterfield_____
Naomi N. Butterfield, NHBA #18079
25 Beacon St E Ste 2
Laconia, NH 03246
(603) 524-3885
naomi@mitchellmunigroup.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date I provided a true and exact copy of this pleading to Christopher Meier, Plaintiff's counsel of record via the Court's ECF system.

Dated: February 23, 2022                         /s/ Debra Weiss Ford
                                                                    Debra Weiss Ford

4867-8845-4672, v. 1