UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| John Doe,<br><br>　Plaintiff,<br><br>v.<br><br>Town of Lisbon and New Hampshire Department of Justice,<br><br>　Defendants. | Civil Action No. 1:21-cv-00944-JL<br><br>Memorandum in Support of Motion to Intervene |

Eugene Volokh, a professor at UCLA School of Law, moves to intervene to unseal the unredacted state court record filed in this Court and oppose the continued pseudonymity of the plaintiff. (The motion to unseal and to oppose pseudonymity is being filed separately, as per Local Rule 7.1(a).) Volokh would like to write about this case, in his academic work and at his blog, hosted by *Reason* Magazine, http://reason.com/volokh; but he is unable to do so effectively because plaintiff's name is not included in the court file, and because the unredacted state court record, filed in this Court, is sealed. He is therefore seeking to intervene to assert his own common law and First Amendment right of access to court records.

**I.  Volokh has standing because he has suffered an injury to his right of public access that can be redressed through intervention**

Professor Eugene Volokh has standing. "Courts, including this one, routinely have found that third parties have standing to assert their claim of access to documents in a judicial proceeding." *Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 787 (1st Cir. 1988). A plaintiff suffers an Article III injury when he is denied information to which

1

he is entitled under a statute, notwithstanding "[t]he fact that other citizens or groups of citizens might make the same complaint after unsuccessfully demanding disclosure." *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449-50 (1989). The same applies when a plaintiff is denied information to which he has a nonstatutory right: "although [intervenor's] right of access stems not from a statute but from the Constitution and common law, the nature of their alleged injury is indistinguishable." *Doe v. Public Citizen*, 749 F.3d 246, 264 (4th Cir. 2014) (so holding as to a motion to intervene to oppose pseudonymity and sealing).

## II. Volokh is entitled to intervene under Rule 24

"When a third party essays a challenge to a sealing order, permissive intervention is the procedurally correct vehicle." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009). The same applies to challenges to pseudonymity. *Does 1-6 v. Mills*, No. 1:21-CV-00242-JDL, 2021 WL 6197377, *1-*2 (D. Me. Dec. 30, 2021).

Indeed, the reasoning of *Does 1-6 v. Mills* applies squarely here:

> Courts have discretion to allow permissive intervention pursuant to Federal Rule of Civil Procedure 24(b) upon a timely showing that the "putative intervenor 'has a claim or defense that shares with the main action a common question of law or fact.'" *Ne. Patients Grp. v. Me. Dep't of Admin. & Fin. Servs.*, No. 1:20-cv-00468, 2021 WL 1135019, at *2 (D. Me. Mar. 23, 2021) (quoting Fed. R. Civ. P. 24(b)(1)(B)). When the party moving to intervene does so for a limited purpose and does not seek to become a party to the litigation, the nexus-of-fact-or-law requirement is loosened, and "[s]pecificity, e.g., that the intervenors' claim involve the same legal theory that was raised in the main action, is not required." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994). Instead, if a party seeks "to intervene in a case for the limited purpose of unsealing judicial records, most circuits have found that "there is no reason to require such a strong nexus of fact or law." *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015).

2021 WL 6197377, at *1 (some citations omitted).

Volokh's motion is indeed timely, because it will not "unduly delay or prejudice the adjudication of the original parties' rights." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 40 (1st Cir. 2020) (quoting Fed. R. Civ. P. 24(b)(3)); *Does 1-6*, 2021 WL 6197377, *2. Volokh's role in the litigation will be complete upon resolution of his motion, and such limited intervention "will not delay the proceedings or prevent the parties from adjudicating the case on the merits." *Parson v. Farley*, 352 F. Supp. 3d 1141, 1150 (N.D. Okla. 2018). In any case, "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News, Inc. v. U.S. District Court—Northern District (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999).

Volokh's interests are also not adequately represented by the defendants, because they would not benefit the way Volokh would from having public access to the unredacted record and to plaintiff's name. They therefore likely do not have the incentive to invest time and resources into litigating a public access issue.

Finally, the Rule 24(c) requirement of a separate pleading does not apply here. *Does 1-6*, 2021 WL 6197377, *3 ("Here, no new claim or defense will be added to the existing suit if intervention is granted, nor will additional parties to the litigation be joined in relation to the merits of the Plaintiffs' claims. Thus, this is an instance in which a pleading is not necessary.").

For these reasons, Volokh asks that he be allowed to intervene for the limited purpose of moving to unseal the state court record and moving to oppose pseudonymity.

Respectfully Submitted,

s/ Eugene Volokh

Eugene Volokh
*Pro se*
UCLA School of Law
First Amendment Clinic
385 Charles E. Young Dr. E
(310) 206-3926
volokh@law.ucla.edu
(Institutional affiliation given for identification and address purposes only)

## Certificate of Service

I certify that today, April 21, 2022, I served this document on the parties via e-mail, with their consent.

s/ Eugene Volokh