UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Doe,

    Plaintiff,

    v.                                      Civil Action No. 1:22-cv-00043-SM

Town of Lisbon and
New Hampshire
Department Of Justice,

    Defendants.

## DEFENDANT TOWN OF LISBON'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Town of Lisbon (the "Town") by and through its attorneys, Jackson Lewis P.C. and Mitchell Municipal Group, P.A., submits this Answer to the Complaint of Plaintiff John Doe ("Plaintiff") as follows:

## PARTIES

(1)    Admitted that Plaintiff is a natural person. As to all remaining allegations, the Town is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph (1) and therefore denies them.

(2)    Admitted.

(3)    On information and belief, admitted.

## JURISDICTION AND VENUE

(4)    Paragraph (4) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

(5) Paragraph (5) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

## FACTUAL BACKGROUND

(6) Denied.

(7) Denied.

(8) The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph (8) and therefore denies them.

(9) The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph (9) and therefore denies them.

(10) Paragraph (10) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

(11) Denied. Answering further, the Town states that this practice is only permissible with permission of the department's chief.

(12) On information and belief, admitted that Plaintiff took a fitness test that day. Denied as to all remaining allegations.

(13) To the extent that the allegations in in Paragraph (13) refer to a document, that document speaks for itself. To the extent a response is deemed required, the Town states that Plaintiff filled out this form incorrectly and that he lacked the chief's approval to conduct the test. Denied as to all remaining allegations.

(14) To the extent that the allegations in in Paragraph (14) refer to a document, that document speaks for itself. To the extent a response is deemed required, denied.

(15) Denied that Chief Bailey invalided the test or that procedure, practice, and custom allowed an off-site test. Admitted that Chief Bailey contacted the Council. Answering

further, the Town states that the Police Standards and Training Council invalidated the test. Denied as to all remaining allegations.

(16)    To the extent that the allegations in in Paragraph (16) refer to a document, that document speaks for itself. To the extent a response is deemed required, admitted that Plaintiff received warnings due to his failure to pass an approved physical fitness test. Denied as to all remaining allegations.

(17)    To the extent that the allegations in in Paragraph (17) refer to a document, that document speaks for itself. To the extent a response is deemed required, the Town states that Plaintiff was warned about failing to turn off the lights in the police station and that Plaintiff did receive a letter from Chief Bailey placing him on paid administrative leave. Denied as to all remaining allegations.

(18)    Denied.

(19)    To the extent that the allegations in in Paragraph (19) refer to a document, that document speaks for itself. To the extent a response is deemed required, admitted that Plaintiff's approval was withdrawn by the Police Standards and Training Council due to his failure to pass an approved physical fitness test. Denied as to all remaining allegations.

(20)    On information and belief, admitted.

(21)    To the extent that the allegations in in Paragraph (21) refer to a document, that document speaks for itself. To the extent a response is deemed required, admitted.

(22)    To the extent that the allegations in in Paragraph (22) refer to a document, that document speaks for itself. To the extent a response is deemed required, admitted.

(23)    Admitted.

(24)    Admitted.

(25) To the extent that the allegations in in Paragraph (25) refer to a document, that document speaks for itself. To the extent a response is deemed required, denied.

(26) Denied.

(27) Denied.

(28) The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph (28) and therefore denies the allegations.

(29) The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph (29) and therefore denies the allegations.

(30) Denied.

(31) Denied.

(32) Denied.

(33) Denied.

(34) Denied.

(35) Denied.

(36) Denied.

(37) Denied.

(38) Denied.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF PROCEDURAL DUE PROCESS

(39) The Town restates and incorporates by reference all foregoing paragraphs as if fully set forth herein.

(40)   Paragraph (40) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

(41)   Paragraph (41) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

(42)   Paragraph (42) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

(43)   Denied.

(44)   Paragraph (44) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

## COUNT II

## VIOLATION OF SUBSTANTIVE DUE PROCESS

(45)   The Town restates and incorporates by reference all foregoing paragraphs as if fully set forth herein.

(46)   Paragraph (46) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

(47)   Paragraph (47) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

(48)   Paragraph (48) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

(49)   Denied.

(50)   Paragraph (50) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

## COUNT III

## DECLARATORY RELIF

(51) The Town restates and incorporates by reference all foregoing paragraphs as if fully set forth herein.

(52) The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph (52) and therefore denies the allegations.

(53) Paragraph (53) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

## COUNT IV

## WRIT OF MANDAMUS

(54) The Town restates and incorporates by reference all foregoing paragraphs as if fully set forth herein.

(55) Denied.

(56) Paragraph (56) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

## COUNT V

## LIBEL, SLANDER, AND DAMAGE TO REPUTATION – AGAINST TOWN ONLY

(57) The Town restates and incorporates by reference all foregoing paragraphs as if fully set forth herein.

(58) Denied.

(59) Denied.

(60) Denied.

(61) Denied.

(62) Paragraph (62) contains legal argument to which no responsive pleading is required. To the extent a response is required, denied.

(63) Denied.

## COUNT VI

## ATTORNEY'S FEES – AGAINST TOWN ONLY

(64) The Town restates and incorporates by reference all foregoing paragraphs as if fully set forth herein.

(65) Denied.

(66) Denied.

(67) Denied.

## **DEMAND FOR JURY TRIAL**

The Town requests trial by jury on all counts so triable.

FURTHER ANSWERING AND BY WAY OF AFFIRMATIVE DEFENSE, the Town states as follows:

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint, in whole or part, fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, by his failure to mitigate damages.

## **THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of unclean hands, waiver, estoppel, accord and satisfaction and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's failure to comply with the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that any act or omission of any of the Town was willful.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages attributable to any actions of the Town.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for economic damages should be barred by any after acquired evidence discovered by the Town that would show that Plaintiff's employment would have been terminated on other grounds.

### EIGHTH AFFIRMATIVE DEFENSE

The Town is immune from Plaintiff's claims under the doctrines of sovereign and/or municipal immunity.

### NINTH AFFIRMATIVE DEFENSE

The Town is subject to conditional privilege

### TENTH AFFIRMATIVE DEFENSE

The Town's statements were substantially true.

### ELEVENTH AFFIRMATIVE DEFENSE

The Town's actions were not made in bad faith, nor were they malicious or wanton.

### TWELTH AFFIRMATIVE DEFENSE

The Town is subject to qualified privilege.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

The Town has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. The Town reserves the right to amend or seek to amend its Answer and/or Affirmative Defenses. The assertion of any defense as an affirmative defense herein is not, and is not intended as, an admission that the Town has the burden of proof on any such defense or on any related element of Plaintiff's claims.

WHEREFORE, the Town of Lisbon respectfully request this Court:

A. To dismiss Plaintiff's Complaint with prejudice;

B. To enter judgment for the Town on all counts;

C. To grant the Town its costs, including reasonable attorneys' fees; and

D. To grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

TOWN OF LISBON,

By its attorneys,

JACKSON LEWIS P.C.

Dated: March 29, 2022     By:   /s/ Debra Weiss Ford
Debra Weiss Ford, NHBA #2687
Samuel Martin, NHBA #272195
100 International Drive, Suite 363
Portsmouth, NH 03801
603-559-2700
Debra.ford@jacksonlewis.com
Samuel.martin@jacksonlewis.com

AND

|  |  | MITCHELL MUNICIPAL GROUP, P.A., |
|---|---|---|
| Dated: March 29, 2022 | By: | /s/ Naomi N. Butterfield |
|  |  | Naomi N. Butterfield, NHBA #18079 |
|  |  | 25 Beacon St E Ste 2 |
|  |  | Laconia, NH 03246 |
|  |  | (603) 524-3885 |
|  |  | naomi@mitchellmunigroup.com |

## CERTIFICATE OF SERVICE

I hereby certify that on this date I provided a true and exact copy of this pleading to Christopher Meier, Plaintiff's counsel of record and Samuel Garland, N.H. Department of Justice's counsel of record, via the Court's ECF system.

Dated: March 29, 2022          /s/ Debra Weiss Ford
                                Debra Weiss Ford

4870-2936-8601, v. 1

10