UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE,  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>TOWN OF LISBON and NEW  )<br>HAMPSHIRE DEPARTMENT  )<br>OF JUSTICE  )<br>Defendants.  )<br>  ) | No. 1:21-cv-00944-JL |

**PLAINTIFF'S OBJECTION TO EUGENE VOLOKH'S MOTION TO INTERVENE**

NOW COMES the Plaintiff, John Doe, by and through his counsel, Cooper Cargill Chant, P.A., and hereby OBJECTS to Eugene Volokh's Motion to Intervene in the above-captioned matter.

In brief, Professor Volokh argues that, as a member of the public and as a member of the press, he has a sufficient interest in these proceedings to intervene. Plaintiff respectfully disagrees.

COMPLAINT and FACTS

Plaintiff has alleged, in brief, that Defendant Town of Lisbon ("Town") improperly caused him to be listed on the Exculpatory Evidence Schedule ("EES"), generally a list of police officers found to have a credibility issue. Amended Complaint, at ¶¶ 12-40. The EES is maintained by the New Hampshire Department of Justice ("NHDOJ"). Amended Complaint, at ¶¶ 30. From the outset of this case, Plaintiff has proceeded pseudonymously, and the record has been sealed. Professor Volokh seeks to intervene in these proceedings so that he may move this Court to unseal the record and strip Plaintiff of pseudonymity.

LAW

Maintenance of the EES by the Department of Justice is governed by RSA 105:13-d. Pursuant to RSA 105:13-d, the "name and corresponding information" related to an officer placed on the EES shall not be made public so long as there is "a pending legal action regarding the officer's placement on the exculpatory evidence schedule." RSA 105:13-d(II)(d). Such information is only to be made public "[o]nce the pending action has concluded with a final order" and after all appeals have been exhausted. *Id.* See also RSA 105:13-d(III)(b) ("[officer's] name and corresponding information on the exculpatory evidence schedule shall become public only after the completion of the grievance process, and after the officer has exhausted all appellate rights").

Moreover, RSA 105:13-d(V) specifically states that "[n]othing herein shall preclude the court from taking any necessary step to protect the anonymity of the officer before entry of a final order."

Permissive intervention is "wholly discretionary" and may be denied even when the requirements of Rule 24(b) are satisfied. *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471-72 (5th Cir. 1984)). It is not an abuse of discretion to deny intervention where the putative intervenor cannot ultimately receive any relief. *Id.* (denying motion to intervene because "there is no relief for [putative intervenor] to seek.").

ARGUMENT

Professor Volokh cannot obtain the relief that he seeks in this action because the record in this case was properly sealed and Plaintiff's use of a pseudonym is proper. Plaintiff

incorporates by reference the arguments in his Objection to Eugene Volokh's Motion to Unseal the Record and Oppose Pseudonymity, filed concurrently with this Objection.

The statutory framework for challenging inclusion on the EES specifically provides for withholding the "name and corresponding information" of a police officer from the public until the entry of a final judgment. RSA 105:13-d(II)(d). In light of the clear and unambiguous directives of RSA 105:13-d, no challenge to maintaining Plaintiff's anonymity can succeed short of a direct challenge on the constitutionality of the statute, which Professor Volokh has not raised.

## CONCLUSION

Professor Volokh's concurrent Motion to Unseal the Record and Oppose Pseudonymity must fail on its merits. Consequently, he is not a proper intervenor, and this Court should deny his motion to intervene.

A separate memorandum is unnecessary as the relevant facts and citations of law are included in this Objection and in Plaintiff's Objection to Eugene Volokh's Unseal the Record and Oppose Pseudonymity, filed concurrently.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

a. Deny Eugene Volokh's Motion to Intervene,
b. Grant such further relief as is deemed appropriate.

Respectfully submitted,

**PLAINTIFF,**
JOHN DOE,
By His Attorneys,

COOPER CARGILL CHANT, P.A.

Dated: 05/05/2022

/s/ Christopher T. Meier

Christopher T. Meier, Bar ID # 17135
2935 White Mountain Highway
North Conway, New Hampshire 03860
Tel:   (603) 356-5439
Fax:   (603) 356-7975
Email: cmeier@coopercargillchant.com

## CERTIFICATE OF SERVICE

I, Christopher T. Meier, hereby certify that on the date shown, I delivered the foregoing document to all parties and counsel of record by e-file.

Dated: 05/05/2022

/s/ Christopher T. Meier

Christopher T. Meier, Bar ID # 17135