UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| John Doe,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>Town of Lisbon,<br><br>　　　Defendant. | Civil Action No. 1:21-cv-00944-JL<br><br>Reply to Objection to Motion to Intervene |

"[I]ntervention is '*the* procedurally correct course' for third-party challenges to protective orders," *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 783 (1st Cir. 1988), which includes sealing orders, *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009). And whether Volokh is entitled to intervene to move to unseal and to oppose pseudonymity is a separate question from whether his arguments about unsealing and pseudonymity will ultimately prevail. *Does 1-6 v. Mills*, No. 1:21-CV-00242-JDL, 2021 WL 6197377, *1-*2 (D. Me. Dec. 30, 2021), illustrates this well: There, the court granted a motion to intervene to oppose pseudonymity, without deciding on whether pseudonymity should indeed be disallowed. (The motion opposing pseudonymity was filed only after the motion to intervene was granted, Doc. 105, *id.* (D. Me. Jan. 27, 2022), and remains pending.)

For these reasons, and for those given in the motion to intervene, Volokh asks that he be allowed to intervene for the limited purpose of moving to unseal the state court record and moving to oppose pseudonymity.

Respectfully Submitted,

s/ Eugene Volokh

Eugene Volokh
*Pro se*
UCLA School of Law
First Amendment Clinic
385 Charles E. Young Dr. E
(310) 206-3926
volokh@law.ucla.edu
(Institutional affiliation given for identification and address purposes only)

## Certificate of Service

I certify that today, May 11, 2022, I served this document on the parties via e-mail, with their consent.

s/ Eugene Volokh

2