UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| John Doe,<br><br>    Plaintiff,<br><br>v.<br><br>Town of Lisbon,<br><br>    Defendant. | Civil Action No. 1:21-cv-00944-JL<br><br>Reply to Objection to Motion to Unseal and Oppose Pseudonymity |

### I. Lawsuits related to allegations of criminal misconduct are routinely litigated in public, without pseudonyms

When a police officer arrests a citizen who is then prosecuted, the court filings include the citizen's name—even though the citizen is presumed innocent, and may eventually be acquitted. If the citizen sues a police officer for false arrest, the citizen must generally sue in his own name, even though that would further publicize the citizen's alleged transgression. This is equally true if the citizen sues over an allegedly unconstitutional *Terry* stop or search unconnected to an arrest, which would otherwise never have been publicly noted. *See, e.g.*, *D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016) ("As for potential negative scrutiny from future employers, D.E. . . . 'forfeited his ability to keep secret his actions at the international border . . . when he sued United States Customs and Border Patrol agents.'").

If one citizen sues another over allegedly slanderous allegations of misconduct, criminal or otherwise, the plaintiff generally sues in his own name, even though that would further publicize the allegations. If a plaintiff sues a defendant alleging sexual assault, the defendant will generally be named, even though that too would publicize the allegations of conduct that is criminal as well as tortious. If an employee sues an

1

employer for discriminatory firing, and the employer's defense (which the employee says is unfounded) is that the employee was fired for professional misconduct, the employee must generally sue in his own name. *Doe v. Frank*, 951 F.2d 320, 322-24 (11th Cir. 1992) (denying pseudonymity where employee sued for discrimination, and the employer claimed the employee was fired "because of an inability to perform his assigned duties, a repeated failure to maintain regular attendance and improper conduct in reporting to work under the influence of alcoholism"). If a professional sues a licensing agency that had found him guilty of professional misconduct, he must generally sue in his own name. *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415, 418 (10th Cir. 1982) (concluding, after "balancing the need advanced by Dr. Coe to maintain individual and professional privacy rights against the right of the public to know all of the facts surrounding the formal proceedings posited with the Board," that "the privacy interest does not outweigh the public's interest").

In all these situations, the citizen's desire not to have his name associated with allegations of misconduct must yield to "the public's ability to oversee and monitor the workings of the Judicial Branch," which "promotes the institutional integrity of the Judicial Branch." *Doe v. Public Citizen*, 749 F.3d 246, 263 (4th Cir. 2014). The public has a "legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d at 322.

And the presence of allegations of criminal behavior is not a basis for pseudonymity, as *D.E. v. Doe*, *supra*, illustrates. When *Doe v. Stegall*, 653 F.2d 180 (5th Cir. Unit A 1981), allowed pseudonymity for a mother and two children who were challenging

unconstitutional prayer in Mississippi public schools, the court did note that the family's views were "shown to have invited an opprobrium analogous to the infamy associated with criminal behavior"—but only in indicating the risk of "extensive harassment and perhaps even violent reprisals if their identities are disclosed." *Id.* at 186. "The threat of hostile public reaction to a lawsuit, standing alone," the court stressed, "will only with great rarity warrant public anonymity." *Id.* It was "the threats of violence generated by this case, in conjunction with the other factors weighing in favor of maintaining the Does' anonymity," that "tip[ped] the balance against the customary practice of judicial openness." *Id.*

Yet despite the general requirement that even professional damaging allegations must be discussed in open court, without pseudonyms, plaintiff Doe is arguing that New Hampshire police officers are entitled to pseudonymity when they sue in federal court over similar allegations. That is inconsistent with the federal courts' general—and sound—insistence on openness in litigation.

This insistence applies even when the alleged misconduct at the heart of the case had not yet been publicized. Though some cases, such as *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011), note that "the identity of the litigant [in that case has not] been kept confidential," *id.* at 410, courts have disallowed pseudonymity even when there was no indication that the litigant's identity had been publicly disclosed beforehand. *See, e.g.*, *Doe v. Frank*, *supra*, 951 F.2d at 322-24 (postal office clerk claiming he was wrongly fired based on alcoholism); *Doe v. College of N.J.*, 997 F.3d 489, 495 (3d Cir. 2021) (professor suing over alleged employment discrimination).

The insistence on openness applies even when the plaintiff is seeking an injunction expunging a finding of misconduct and not merely damages. *See, e.g.*, *Coe v. U.S. Dist. Court for Dist. of Colorado, supra*, 676 F.2d at 412, 414-17 (refusing to allow pseudonymity in a similar challenge to a finding of professional conduct, where plaintiff sought only an injunction and declaratory relief). And the fact that the plaintiff is challenging "alleged abuses of power by public officials," 654 F.3d at 410, actually cuts against pseudonymity: "the public's interest" "is heightened because Defendants are public officials and government bodies," a "factor [that] supports disclosure of Doe's identity," *id.* at 411.

More generally, the *Megless* factors are not binding on this court. But to extent they matter, "the universal level of public interest in access to the identities of litigants" and the "particularly strong interest in knowing the litigant's identit[y]" stemming from "the subject matter of this litigation" and "the status of the litigant as a public figure," 654 F.3d at 409 (cleaned up), cut strongly in favor of openness here. *See* Memo. in Support of Motion to Unseal and Oppose Pseudonymity, ECF No. 27-1, at 8-9. Likewise, "[t]hat a plaintiff may suffer embarrassment or economic harm is not enough" to overcome the presumption of openness. 654 F.3d at 408. And this is a case that goes beyond "purely legal" issues, *id.* at 410; instead, "the facts [are] relevant to the outcome of the claim," *id.*: *See, e.g.*, Amended Complaint, ECF No. 6, ¶¶ 12-29 (opening paragraphs of the "Current Issue" section, which focus closely on the particular circumstances of Doe's fitness test and alleged misconduct); ¶¶ 42, 48 (making clear that the Due Process Clause challenges in this case stemmed from

defendants' specific conduct with regard to Doe, rather than being facial challenges to the legality of statutes or policies).

**II. New Hampshire law does not affect procedures in federal court**

RSA 105:13-d cannot change the above analysis, because "federal law governs motions to seal records in federal court even when a state law addresses the type of records at issue." *Haynes v. Haggerty*, No. 19-cv-00164, 2020 WL 2557230, *5 (D. Vt. 2020); *see also* Memo. in Support of Motion to Unseal and Oppose Pseudonymity 2. The same logic applies to pseudonymity as it does to sealing.

## Conclusion

When ordinary citizens sue their employers claiming that the employers had wrongly accused them of misconduct, the citizens must litigate the case openly. The same should hold for Mr. Doe.

Respectfully Submitted,

s/ Eugene Volokh

Eugene Volokh
*Pro se*
UCLA School of Law
First Amendment Clinic
385 Charles E. Young Dr. E
(310) 206-3926
volokh@law.ucla.edu
(Institutional affiliation given for identification and address purposes only)

## Certificate of Service

I certify that today, May 11, 2022, I served this document on the parties via e-mail, with their consent.

s/ Eugene Volokh

5